**STATE of Missouri, Respondent,**

v.

**James BLAND, Appellant.**

**No. 48888.**

Supreme Court of Missouri,
Division No. 1.

Feb. 12, 1962.

Wm. Bruce Kopper, Clayton, for appellant.

Thomas F. Eagleton, Atty. Gen., Richard R. Nacy, Jr., Asst. Atty. Gen., for respondent.

COIL, Commissioner.

A jury found James Bland guilty of robbery in the first degree and the trial court,

having found defendant theretofore had been convicted of two felonies as charged, sentenced him to twenty years' imprisonment. Bland has appealed. Inasmuch as he has filed no brief we shall examine the assignments of error contained in his motion for new trial.

Assignment 5 asserts, inter alia, that the evidence was insufficient to support the conviction. The state's evidence tended to show that about 8:30 a. m. on December 27, 1960, two men, wearing stocking masks and each displaying a gun, entered Luckett's Lounge at 4616 Delmar in St. Louis. One went behind the bar and placed a knife at the throat of a woman employee, who complied with his direction that she open the cash register and place the money (approximately $25) and certain bottles of liquor in a blue canvas bag provided by him. The other masked man took money from a customer and, after ordering all present into the men's room, both robbers departed. About three hours later the police arrested the defendant and one Arnet Toran. At the time defendant was carrying the blue canvas bag which still contained the bottles of liquor which previously had been taken and a sports jacket in the pocket of which were two stocking masks similar to the ones worn by the two men. Certain items of clothing worn by the defendant and Toran when arrested were similar to items of clothing worn by the two robbers. Defendant and Toran were positively identified as the men who took the money and liquor from Luckett's.

■ Other evidence will be stated as necessary to dispose of other assignments in defendant's new trial motion. The foregoing brief summary, however, is sufficient to demonstrate that there was substantial evidence from which a jury reasonably could have found that defendant was guilty of robbery in the first degree; i. e., that he took the property of another from that other's agent in charge thereof, against the will of the agent and by putting her in fear of immediate injury to her person. Section 560.120 RSMo 1959 and V.A.M.S.

■ Defendant's new trial assignment 5 insofar as it avers that the verdict and judgment were against the weight of the evidence and were based only on prejudice and conjecture is too general to have preserved anything for appellate review.

■ New trial assignment 1 is that the trial court erred in admitting in evidence three exhibits: 5, a torn one dollar bill which had been taped; 9, a pair of leather combat boots; and 10, the sports jacket found in the blue bag at the time of defendant's arrest. Defendant made no objection to Exhibits 5 and 9 and, consequently, there is nothing before us for review as to those. Furthermore, it is apparent that both were admissible. The state's evidence showed that part of the $25 taken from the cash register was a one dollar bill which had been taped in the same manner as the dollar bill found in defendant's possession at the time of his arrest. The combat boots were being worn by Toran at the time of his and defendant's arrest and were similar to the boots worn by one of the robbers in Luckett's Lounge. Defendant objected to Exhibit 10, the sports jacket, on the ground that there was no evidence that it was at the "scene of the crime." No such objection has been urged in the motion for new trial. In any event, however, the evidence showed that the bag in Bland's possession at the time of his arrest was the same bag into which was placed the money and the liquor taken from Luckett's Lounge and while there was no testimony that the sports jacket was in the bag at that time, the evidence did show that the two stockings which were used by the robbers were found in a pocket of the jacket which was found in the blue bag at the time defendant was arrested. The trial court did not err in admitting Exhibit 10.

Arnet Toran had been jointly indicted with defendant. He secured a severance and only Bland was on trial. Mrs. Toran, Arnet's mother, was defendant's witness. On cross-examination the state showed that defendant shared a 3-room apartment with

Mrs. Toran, paid for part of the food, was the boss of the place, and that he and Mrs. Toran had shared the same quarters for the past two years, including the time in 1958 when defendant had been in prior trouble.

■ Defendant's new trial assignment 2 is that the court erred in permitting the state to show that defendant and Mrs. Toran lived together and to unduly dwell on the subject in an attempt to discredit Mrs. Toran's testimony; that if the testimony was proper as showing a relationship which might affect the credibility of Mrs. Toran as a witness, it was improper to imply that the witness and defendant were occupying the same bed. We have reviewed the testimony in question and we find no undue emphasis upon or dwelling upon the relationship between Mrs. Toran and defendant or any improperly phrased question in that respect. It was proper for the state to have made the showing indicated as tending to affect the credibility of Mrs. Toran's testimony. State v. Pigques, Mo., 301 S.W.2d 942, 947[7, 8]; State v. Cole, Mo., 213 S.W. 110, 113[7].

■ Assignment 3 complains that the state's jury argument was improper and prejudicial in two respects. One of defendant's witnesses was presented as a lady who was deaf and dumb. The questions and her answers were written. She gave testimony which supported defendant's alibi. In closing argument, state's counsel, in talking of that witness's testimony, pointed out that there was no evidence indicating or proving that the witness was actually incapacitated; that they (the jurors) had no way to know, just as he didn't know, whether she was "putting on" a "silent act"; that it could have been another "Perry Mason picture" as far as they knew. Defendant's counsel interjected, "Oh, your Honor." Whereupon the trial court stated that state's counsel was entitled to analyze the evidence and to make such argument as he deemed appropriate and suggested that there was no occasion for defendant's

counsel to have arisen. The state's attorney then proceeded to point out that there was no medical evidence of the witness's condition, but that even if she were deaf and dumb, that fact would not make her more believable than any other witness.

We cannot determine from the record whether counsel intended to state an objection and a reason therefor and was cut off by the court, or whether he intended to say nothing more than he did say. In any event, the fact is that defendant's counsel made no objection, before or after the court's statement, and did not request the court to strike the argument. Under the circumstances defendant is in no position to complain of the incident.

The other matter complained of in assignment 3 was that the trial court apparently permitted state's attorney to demonstrate to the jury that the blue bag was not large enough to contain as many bottles of liquor as defendant's evidence showed were in it at the time of the arrest. The state's evidence was that nine bottles of liquor had been taken and that when the parties were arrested there were nine bottles of liquor in the bag. Defendant and his coindictee Toran each testified that at the time of their arrest there were more than nine bottles. Toran said there was almost twice as much liquor in the bag as was produced as an exhibit at the trial, and the defendant testified there were at least three more bottles in the bag than were displayed at the trial. While it is not clear from the record exactly what the state's counsel did insofar as demonstrating the capacity of the bag, it is clear that counsel was permitted to place other bottles in the bag in addition to the bottles which were exhibited in evidence as having been all of the bottles in the bag at the time of the arrest. Apparently the purpose was to show that the bag would not hold the additional bottles which defendant's evidence showed were in it. Defendant complains in his motion for new trial that he had no opportunity to demonstrate to the jury that the bag would in fact hold all the bottles

(if properly placed) which the state's attorney had attempted to put in it and consequently the demonstration amounted to the introduction of evidence after the evidence had been closed, and deprived defendant of the right of cross-examination and thus of a fair and impartial trial.

■ The blue bag and the bottles of liquor taken at the time of the robbery were exhibits in evidence. It was proper for the state to argue as tending to affect the credibility of defendant's evidence that the bag would not hold the number of bottles defendant's witnesses claimed were in it at the time of defendant's arrest. It appears that there was no impropriety in permitting counsel to use exhibits in evidence as well as some bottles not in evidence to illustrate the point being argued. See Boese v. Love, Mo., 300 S.W.2d 453, 461[9, 10].

■ Defendant claimed in assignment 4 that the trial court erred in permitting the state in rebuttal to read in evidence the court records of his prior convictions for the assigned reasons that such gave undue weight to the prior convictions, that the convictions should not have been considered by the jury in its deliberations, and that the convictions had been admitted on direct and cross-examination. The defendant took the witness stand and, therefore, it was proper for the state to cross-examine him concerning prior convictions. Defendant, on direct as well as on cross-examination, admitted that he had been charged with armed robbery in 1958, had pleaded guilty to a lesser charge (the record shows it was assault with intent to rob without malice) and that he had served the sentence he received. On cross-examination he was asked whether there were two charges. He answered that one charge was all he knew of; that there were not two warrants; that he recalled pleading guilty to only one charge. He also said that he pleaded guilty to a charge of armed robbery and whether there were two charges or one, he did not know. As

noted, defendant had not pleaded guilty to a charge of armed robbery but, according to the record, had pleaded guilty to two separate charges of assault with intent to commit robbery without malice. In view of his testimony, which, reasonably interpreted, could have been considered by the jury as a denial by defendant that he had theretofore pleaded guilty to two separate charges, it was proper for the state to show in rebuttal that he had in fact been priorly convicted of two separate felonies in two separate cases. State v. Harrison, Mo., 24 S.W.2d 985, 988.

■ Defendant's assignment 6 is that instructions 1 and 2 when considered together were erroneous in that instruction 1 unnecessarily informed the jury that there was a codefendant and emphasized the evidence of the codefendant's guilt, and that instruction 2 emphasized the jury's duty in finding defendant guilty and failed to emphasize the jury's duty to find defendant not guilty if he had not been proved so beyond a reasonable doubt. There is no merit in either of these positions. The preface to instruction 1 was in usual form and simply informed the jury that the state had indicted James Bland and Arnet Toran jointly, charging them with the offense of robbery in the first degree, that a severance had been granted and that Bland alone was on trial, that he pleaded not guilty, thereby raising an issue of fact which was to be determined by the jury from all the facts and circumstances in the case. See State v. Lawrence, Mo., 280 S. W.2d 842, 848[6]. Toran testified in the case and it was clear from his testimony that he had been charged with having committed the robbery along with defendant. The portion of the instruction in question made no reference to the guilt of the codefendant or to evidence thereof. Instruction 2 was a usual instruction which hypothesized the facts necessary for the jury to find beyond a reasonable doubt in order to find defendant guilty of robbery in the first degree and ended with the direction that if it so found the facts it would find

the defendant guilty and "You will acquit defendant if you fail to find all of the aforesaid facts as stated." The instruction does not as charged overemphasize the jury's duty in finding defendant guilty or fail to make clear the jury's duty to find defendant not guilty if it failed to find the hypothesized facts beyond a reasonable doubt.

 Defendant's final assignment is that he was prejudiced by the statements made at the time the trial court overruled two objections made in good faith by his counsel to the effect that there was no basis for the objections, indicating to the jury that perhaps counsel was not properly defending his client. The record shows that the state's attorney was arguing the alleged inconsistencies in defendant's evidence. He said that the defendant had taken the stand and told the jury that "Mr. Hyde told him over the telephone"; whereupon defendant's counsel objected that it was improper for counsel to quote testimony from memory. The court overruled the objection and commented, "You have no basis for your objection whatsoever." Later in his argument, state's counsel was calling the jury's attention to the court's instruction on reasonable doubt and said that it was to acquit if it had a reasonable doubt, but that the reasonable doubt ought to be a substantial one touching defendant's guilt and not a mere possibility of his innocence. Defendant's counsel began an objection and the court interrupted and overruled it, saying, "There is no basis for objecting." It seems apparent that in both instances there was in fact no valid basis for defendant's counsel's objection. There is nothing in the record to indicate that the state's attorney in the first incident above mentioned was attempting to do more than state to the jury what he remembered the evidence to be. In the second instance there was no basis for an objection because counsel was correctly telling the jury the content of one of the court's instructions. Perhaps it would have been preferable for the trial court to have overruled the objections without indicating that there was no basis for them, but there is

nothing in the record which indicates that defendant was prejudiced in any manner by these two incidents involving an implied reprimand of his counsel.

We have found no prejudicial error in connection with those matters which we review upon the record even though defendant has made no allegation of error with respect to them.

The judgment is affirmed.

HOLMAN, and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL C., is adopted as the opinion of the court.

All concur.