For the reasons herein stated, the judgment below is affirmed.

All concur.

**STATE of Missouri, Plaintiff-Respondent,**

v.

**Robert WILLIAMS, Defendant-Appellant.**

**No. 35063.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 9, 1974.

Motion for Rehearings or to Transfer to Supreme Court En Banc Denied
Sept. 11, 1974.

Application to Transfer Denied Oct. 14, 1974.

---

Raymond A. Bruntrager, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Ronald B. Safren, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant was convicted of assault with intent to kill with malice by a jury and sentenced to four years imprisonment by the court under the Second Offender Act. He appeals.

The verdict supporting evidence, which is not attacked as insufficient, supported a conclusion that defendant and one Frazier Pratt, acting together, placed the victim in a cross-fire between defendant's pistol and Pratt's rifle. The matter began when Zerieta Coleman accused the victim, Charles Harris, whom she had previously dated, of maliciously destroying certain of her clothing. The police were called and Ms. Coleman, Harris, Pratt and defendant all went to the police station. Pratt had been dating Ms. Coleman and he and defendant went to the station apparently as moral support for her. All parties then left the police station and a fight erupted on the police station parking lot between Harris on one hand and Pratt and defendant on the other. This fight was broken up by the police, who placed the combatants in separate cells and released them one at a time. At 5:00 p. m. the same day Harris received a telephone call from Ms. Coleman's sister and went to Twentieth and Carr Streets in St. Louis to meet her. In that vicinity defendant stepped out of an alley in front of Harris' car, pulled an automatic out of a paper bag and began firing at Harris' vehicle. Harris placed his car in reverse and was backing down the street when he became aware of Pratt to his right firing a rifle. Harris backed his car into the curb and the engine died. Defendant began running toward Pratt and yelled "We got him". Harris got the car started, drove away, and summoned the police. Pratt and defendant were charged with making an assault on Harris "with a certain weapon, to wit: a rifle . . . ."

Severance was granted upon motion of defendant.

Defendant's evidence was supplied by Zerieta and her three sisters. If believed, it indicated that Harris pursued Pratt and defendant in his car and was the agressor in shooting at them.

Defendant raises seven points of claimed error. One involves the propriety of certain rebuttal testimony permitted by the court and another the refusal of the court to permit a defense witness to give an opinion as to whether Harris was shooting a gun. We find neither ruling to have exceeded the court's discretion under the facts and circumstances.

Three of the claimed errors relate in one way or another to the credibility of the prosecuting witness. Approximately eighteen years before the trial Harris had been convicted of three felonies which he admitted on cross-examination. He further testified that the felonies arose from an armed robbery and that three separate charges were involved. He stated that all charges arose from one robbery of one jewelry store with one person present. Counsel for defendant sought to introduce the records of conviction to establish that in fact three armed robberies were involved as three people were present. The court refused to permit the introduction of the records. Defendant tendered a credibility instruction which was identical to that given by the court except it added that the jury might consider a witness' "conviction of a felony or felonies". The instruction was refused. On closing argument the prosecutor referred to the prior convictions of Harris as "Three prior convictions out of the same incident." Defendant objected to this argument on the basis that the court had rejected his attempts to offer the conviction records to clarify the situation. The court noted that the statement of the prosecutor was true and overruled the objection.

We are unable to find prejudical error in any of these court rulings. A careful

reading of the transcript makes it abundantly clear that the jury was fully informed that Harris had been convicted of three felonies arising from an armed robbery. It is questionable that Harris' answer on cross-examination could be considered either evasion or equivocation and he certainly did not deny the convictions. Where a witness admits the convictions on cross-examination and does not evade or equivocate the record becomes inadmissible. Hoover v. Denton, 335 S.W.2d 46 (Mo. 1960) [2, 3]. Harris admitted the name and nature of the crime and the number of convictions. The court's ruling was within its discretion. We find the same to be true of the ruling on the prosecutor's argument.

■  Defendant relies upon State v. Everett, 448 S.W.2d 873 (Mo.1970) in support of his contention that it was error to refuse his credibility instruction. The instruction tendered did not contain the safeguard contained in the Everett instruction that a prior conviction did not mean that a witness could not be relied upon to tell the truth. And *Everett* specifically says a court "may" advise a jury that it can consider a prior conviction in assessing credibility. Credibility instructions are largely within the discretion of the trial judge and again we find no abuse of that discretion here. State v. Turner, 320 S.W.2d 579 (Mo.1959) [11–14].

■  A sixth point raised by defendant is the giving of instruction 4, particularly the first paragraph which read:

"The Court instructs the jury that defendant Robert Williams is not charged by the State of Missouri with making an assault on Charles Harris by firing a pistol at him. Any evidence of defendant firing a pistol at Charles Harris shall be considered by the jury only on the issue of whether or not defendant aided and abetted, as those terms are defined in Instruction No. 2, Frazier D. Pratt in making an assault, if any, upon Charles Harris."

Initially it should be noted that the instruction was beneficial to defendant for it told the jury they could not convict simply because defendant fired a pistol at Harris. Secondly, the instruction does not assume, as defendant contends, that defendant fired a pistol at Harris. Rather it advises the jury that evidence which was certainly before it, could be considered for a limited purpose only. It did not assume the truth of the evidence but only the fact of its existence. Thirdly, the instruction did highlight the evidence of defendant firing a pistol but did so in a manner calculated to preclude the jury from finding the defendant guilty solely upon the basis of that evidence. We cannot see how defendant could be prejudiced by the instruction.

■  Defendant's final point concerns the cross-examination by the state of the witness Zerieta Coleman. During the cross-examination the witness was asked if she had any children by Frazier Pratt, to which she answered affirmatively. Objection and a request to strike were overruled. Defendant attacks the ruling on the basis that credibility of a witness cannot be attacked by showing a general reputation for immorality nor by showing a specific act of immorality. This is true but misses the point. Rather the question here is whether the information solicited is relevant to the interest and bias of the witness which are always legitimate areas of inquiry. State v. Gyngard, 333 S.W.2d 73 (Mo.1960) [5, 6]; State v. Pigques, 310 S.W.2d 942 (Mo.1958) [7, 8]. Sexual relationship with a party is relevant to the interest and bias question. State v. Bland, 353 S.W.2d 584 (Mo.1962) [6]. The problem here is that Frazier Pratt was not on trial and Ms. Coleman's relationship was with him. We find no case in Missouri squarely ruling this question. Viewing the evidence here we find the court did not err in overruling the objection and that the jury could properly consider Ms. Coleman's relationship with Pratt in evaluating her testimony. The background of the difficulties between Harris on the one hand and Pratt and defendant on the other orig-

inated with Ms. Coleman. It is at least a strong inference that it was her existing relationship with Pratt and moribund relationship with Harris which generated the ill-feeling resulting in the use of weapons. Pratt and defendant were together throughout the events of the day and even by defendant's evidence were together immediately prior to the fracas. Under either view of the evidence, they were involved together in the incident. The defense or justification for defendant's actions was also the defense or justification for Pratt's actions. Ms. Coleman's testimony concerning defendant's conduct also concerned Pratt's conduct. It is unrealistic to believe that any interest or bias she had as to Pratt which might affect her testimony as to him would not, under the circumstances, also affect her testimony as to defendant. The jury was entitled to know, in the posture of this case, of any relationship to Pratt which might influence her testimony as to defendant. That Pratt had fathered children of hers was relevant.

Judgment affirmed.

CLEMENS and GUNN, JJ., concur.