**STATE of Missouri, Respondent,**

v.

**Orville Sanford WOODSON, Appellant.**

No. 36224.

Missouri Court of Appeals, St. Louis District, Division 4.

April 22, 1975.

Charles D. Kitchin, Public Defender, Thomas J. Prebil, Henry J. Rieke, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Special Judge.

Orville Sanford Woodson, charged under the Second Offender Act, Sec. 556.280, RSMo 1969, V.A.M.S., was found guilty by a jury of burglary in the second degree and sentenced by the court to imprisonment for a term of ten years.

There is no challenge to the sufficiency of the evidence. Appellant's only point on this appeal is that the trial court erred in not permitting him to argue to the jury "the absence of fingerprints for a proper foundation was made during the trial to allow such argument."

A jury reasonably could find from the evidence that on September 23, 1973, appel-

lant broke into and entered a building in the City of St. Louis known as Singer Drugs, a pharmacy, where goods, wares and merchandise were kept with intent to steal therein.

Appellant contends that the testimony of Patrolman Daniel Granger established the proper foundation for the argument pertaining to the absence of fingerprints. He testified that on September 23, 1973, he responded to a radio call that an alarm was sounding at the Singer Drugstore. He went to the rear of the building and saw appellant emerging from the door of a church which adjoined the Singer Drugstore and through which a hole had been cut in a common wall between the two. Appellant ran about 200 feet but stopped when Officer Granger threatened to shoot him. During cross-examination the following occurred:

Q  All right.  Did you summon—what is ETU?

A  That's the Evidence Technician Unit.

Q  Did you summon them?

A  Yes, sir.

Q  Were you there when they arrived?

A  Yes, sir.

Q  Did you see them conduct any investigation at the scene?

A  No, sir.

*   *   *   *   *   *

Q  And have you had an occasion to, on prior occasion in your service as a police officer, to summon the Evidence Technician Unit to the scene of a crime?

A  Yes, sir.

Q  And in your experience as a police officer and your training on the force, what is your understanding of the function of that unit?

A  To obtain physical evidence.

*   *   *   *   *   *

Q  Now do you,—is it also a part of their function to process a scene for fingerprints?

A  Yes, sir.

Q  Of your own knowledge, do you know whether or not they conducted such an investigation at this particular scene?

A  I do not.

The issue is not whether evidence was admissible that the police searched for and did nor did not find any fingerprints of appellant at the scene of the crime. The question is whether in view of the above evidence, appellant was entitled to argue to the jury "the absence of fingerprints."

The above testimony did not constitute evidence that the police searched for and did or did not find fingerprints of appellant on any item that he might have touched. "It was not incumbent upon the state to take defendant's fingerprints from the articles that he touched, or if taken, to produce them in evidence. Nor is the state required to account for their absence." State v. Holmes, 389 S.W.2d 30 (Mo.1965). This is not to say that if there had been evidence of a search for fingerprints that the result of that search would not be a proper subject for argument. But, in the situation before us, the proposed argument would have been outside the record, and the trial court properly excluded it.

The judgment is affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.