STATE of Missouri, Plaintiff-Respondent,

v.

Carlos E. RUTHERFORD,
Defendant-Appellant.

No. 38048.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 26, 1977.

Bussey, Collier & Dorsey, P. C., Hugh J. White, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Evelyn M. Baker, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

This is an appeal by the defendant-appellant, Carlos Rutherford, from a judgment of conviction entered by the circuit court of the City of St. Louis. The appellant was found guilty by a jury of the offense of tampering with a motor vehicle, § 560.175 RSMo 1969 and the court, under the Second Offender Act, sentenced him to the department of corrections for a term of four years. § 556.280 RSMo 1969. Defendant appeals. For reasons hereinafter stated, we affirm.

█ The evidence supports the conviction. Mrs. Juanita Villani testified that on September 27, 1972, she parked and locked her 1968 Oldsmobile on the Southtown Famous-Barr Store lot. She testified that her ignition was in normal condition before she locked the auto and entered the store. Upon leaving the store and approaching her auto, she saw four people in the custody of the police. Mrs. Villani testified that both doors of her car were unlocked and the ignition was damaged. Mrs. Villani also testified that she had not given anyone permission to enter her vehicle.

Officer Bernard Goforth, testifying for the State, stated that upon leaving the Famous store he saw four individuals sitting in a blue Chevrolet parked on the lot near the 1968 Oldsmobile. There were two males in the front seat and two females in the back seat. He testified that he observed Rutherford leave the Chevrolet and enter the Oldsmobile. As he approached the car he saw Rutherford lay down on the seat. Rutherford then left the car, dropping a dent puller and screwdriver onto the

parking lot. At this point Goforth arrested and searched the four individuals.

The defense offered the testimony of Gail Trice. She testified that she was a very good friend of the defendant and that defendant did not tamper with the automobile. On cross-examination it was brought out that appellant was the father of her child.

█ The first point raised by appellant is that the court erred in taking jurisdiction of the case because the defendant was extradited from Nevada to Missouri without complying with Nevada's extradition statutes in violation of his civil rights. This contention is dismissed as it has not been preserved for appellate review. The point was neither raised at trial nor raised in the motion for a new trial. *State v. Belleville*, 530 S.W.2d 392 (Mo.App. 1975). While defendant personally stated at the time of sentencing ". . . I think I was extradited from Las Vegas illegally . . .", this does not preserve the extradition contention for appellate review.[1]

█ Appellant's second contention is that the court erred in not permitting defense counsel to comment on the lack of evidence collected by the Evidence Technician Unit (ETU) in closing argument. Appellant argues that sufficient evidence was produced at trial to permit the argument. We disagree.

The appellant argues that the testimony of Mrs. Villani and Officer Goforth supports his contention. During Mrs. Villani's cross-examination the following statements were made:

"Q. During this time were you talking to the policeman?

A. Yes.

Q. Did you see them take fingerprints?

A. Yes, I did.

---

1. Even if the extradition point was preserved, we believe it to be without merit. In *Watson v. State*, 475 S.W.2d 8 (Mo.1972), our Supreme Court stated at P. 12:

"Furthermore, even assuming movant was returned to Missouri by forcible abduction and in violation of the extradition laws, the power of the circuit court to try movant for a crime committed within its territorial jurisdiction is not impaired. . . ."

*See* also *Frisbe v. Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Johnson v. Buie*, 312 F.Supp. 1349 (W.D.Mo.1970); *Huffman v. State*, 487 S.W.2d 549 (Mo.1972).

Q. And you saw dusting powder?

A. Yes, sir."

During Officer Goforth's cross-examination the following testimony was given:

"Q. Did you call the evidence technician unit to the scene?

A. Yes, I did.

Q. Were you there when they arrived?

A. Yes, I was there when they arrived.

Q. And do you recall who the technician was?

A. I can't recall.

Q. And did you stay while they processed the Oldsmobile?

A. I can't recall that.

Q. Don't remember if you did or didn't?

A. That's correct."

In closing argument defense counsel attempted to comment on the fact that the ETU arrived on the scene and dusted for prints. The prosecuting attorney objected on the ground that the statement was an improper argument. The court sustained the objection and also prohibited defense counsel from commenting on the fact that no evidence of the fingerprints was brought forward.

The issue here is whether, in view of the above evidence, appellant was entitled to argue to the jury, the absence of fingerprints. A similar situation occurred in *State v. Woodson*, 522 S.W.2d 651 (Mo.App. 1975). In that case the officer's testimony was similar to that of Officer Goforth's testimony in this case. The court held that the testimony did not prove that police searched for and did or did not find fingerprints of appellant on any item that he might have touched. Nor was it "incumbent upon the state to take defendant's fingerprints from the articles that he touched or, if taken, to produce them in evidence. Nor is the state required to account for their absence." *State v. Holmes*, 389 S.W.2d 30, 34 (Mo.1965).

In *State v. Dethrow*, 510 S.W.2d 207 (Mo. App. 1974) the arresting officer was also questioned as to the presence of ETU and their purpose. The officer was not present when the car was processed. The court

held that, as no proof of the absence of fingerprints was developed, the court was not in error in preventing defendant from arguing an issue not in evidence. "A simple solution to the whole problem would have been for defendant to call as his witness the ETU to establish what, if anything, it did or found." *State v. Dethrow*, p. 211.

It is not clear from the victim's testimony that fingerprints were in fact obtained at the scene. She was testifying as a lay person as to what she observed the police do at the scene. She saw the police "dusting" for fingerprints in an attempt to obtain them. There is certainly no evidence that as a result of the police "dusting" that fingerprints were obtained.

It was not established that the officer was present during the processing for fingerprints. This coupled with the testimony of a lay person is inadequate to establish the absence of fingerprints. The argument was properly excluded.

■ The third contention raised is that the court erred in allowing repeated questioning over defense counsel's objections of defense witness Gail Trice regarding irrelevant material relating to her child. We disagree.

During cross-examination of defense witness, Gail Trice, the following occurred:

"Q. Do you have any children?

MR. WEBB: Your Honor, I'll object. I think this is irrelevant.

THE COURT: She may answer.

Q. (By Ms. Baker): Do you have any children?

A. Yes.

Q. How many?

A. One.

Q. Who's the father?

MR. WEBB: Just a moment. I'll object again.

THE COURT: Sustained.

Q. (By Ms. Baker): Is Carlos Rutherford the father?

A. Yes.

\* \* \* \* \* \*

Q. You knew Carlos?

A. Yes.

Q. Were you pregnant by Carlos at the time?

MR. WEBB: Your Honor, I'll object.

THE COURT: Sustained.

\* \* \* \* \* \*

Q. And he is the father of your child?

A. Yes.

MR. WEBB: I'll object, Your Honor.

THE COURT: Sustained. Ordered stricken. The jury is instructed to disregard it."

We reject appellant's contention on two grounds. First, defendant was granted all the relief he requested from the trial court. The objections were sustained and the jury was instructed to disregard the question. *State v. Cissna*, 510 S.W.2d 780, 781 (Mo. App. 1974).

Secondly, the questions were relevant in establishing the interest and bias of the witness which are always legitimate areas of inquiry. *State v. Williams*, 513 S.W.2d 718[7] (Mo.App. 1974). It has also been held that a sexual relationship with a party is relevant to the interest and bias question. *State v. Bland*, 353 S.W.2d 584[6] (Mo.1962).

The appellant argues that these questions are immaterial and intended to prejudice the jury against the witness or party. We cannot agree. Ms. Trice was the defense's only witness. She testified that the other male present, Yarbrough, not Rutherford, tampered with the automobile. The fact that Rutherford is the father of her child would indicate a very material interest on her part in the outcome of the trial. By permitting the question, the jury is made aware of the possibility of strong bias by the witness.

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.