**STATE of Missouri, Respondent,**

v.

**Maurice McALLISTER, Appellant.**

**No. 55730.**

Supreme Court of Missouri, Division No. 2.

June 14, 1971.

John C. Danforth, Atty. Gen., John W. Cowden, Asst. Atty. Gen., Jefferson City, for respondent.

Samuel Raban, St. Louis, Harry Roth, Clayton, for appellant.

BARRETT, Commissioner.

Maurice McAllister, while on probation from a conviction of burglary and a sentence of two years' imprisonment, has been found guilty of possession of marijuana and sentenced to five years' imprisonment.

These in brief were the circumstances of McAllister's arrest and conviction: On December 9, 1969, patrolmen Godfrey and Oberkramer, working the "six to two shift" had been forewarned to be on the lookout for "two Negro males wearing black jackets and hats," one known only as "Leon," as larceny suspects. In the 4200 block of McPherson about 8 o'clock, the officers saw two young men wearing black jackets, the defendant, McAllister and Glen Iverson. Within speaking distance one of the officers said "Leon" and the defendant and Glen "started to run," the officers gave chase and caught them on the steps of 4205 McPherson. As the two policemen took hold of McAllister he removed a "small brown manila envelope" from his pocket "and he placed it in his mouth" and started chewing. And the officers said his mouth "was full of a green vegetable grassy substance," drooling over his face. The patrolmen held McAllister and one of them put his fingers in his mouth in an attempt "to take it out of his mouth." But the officer's finger got bitten and McAllister "swallowed this green, grassy vegetable substance." He spat a small quantity of the substance into a puddle but the officers were unable to retrieve and preserve any part of it. At this junc-

ture they arrested both boys for possession of marijuana, took them to police headquarters and removed their clothes, and in the clothes McAllister was wearing "Particles were found in all the pockets." Throughout the cross-examination of the officers defendant's counsel attempted to show, with more or less success, that they could not say from "what part of the plant," stalk or leaves, the supposed marijuana came or whether it was from a "mature plant." In any event the clothes were turned over to a "criminalist" in the police laboratory and from turning pockets inside out onto a stainless steel table top she "removed all the debris" from the pockets, separately preserving and examining the contents. Upon this debris the witness made two tests, microscopic and the chemical Duquenois "reagent" test. From these tests and by these methods the criminologist "found that three of the pockets in the jacket and three of the pockets in the trousers contained dried leaf fragments of the plant Cannabis Sativa, commonly known as marijuana." Repeatedly she said that the tests were "positive" and that the "largest amount" weighed four milligrams, the other collections of debris were too small to weigh.

Three of the appellant's four points are interrelated, one, that the court erred in not sustaining his motion to dismiss upon the prosecuting attorney's opening statement, two, that the court erred in overruling his motion for acquittal at the close of the state's case because the evidence was insufficient to establish that the substance found in defendant's possession was a "proscribed narcotic" within the meaning of the Uniform Narcotic Drug Act, RSMo 1969, §§ 195.010–195.200, V.A.M.S., and, third, that the court erred in giving and refusing on request to modify instruction 2, particularly in that the instruction did not exclude the exemptions and exceptions of "the mature stalks of such plant." RSMo 1969, § 195.010(5), V.A.M.S.

■ It is not necessary to encumber this opinion with a recitation of the prosecuting attorney's opening statement. It was his duty to "state the case" (RSMo 1969, § 546.070(1) V.A.M.S.) and thus in general advise the jury as well as the defendant of the facts relied on for a conviction. State v. Deppe, Mo., 286 S.W.2d 776. The facts as related by the prosecutor may have been meager but he made no admissions or statements from which it necessarily followed that the state's proof would be insufficient to sustain the charge. State v. Jones, 363 Mo. 998, 255 S.W.2d 801, State v. Gray, Mo., 423 S.W.2d 776. As he stated it his statement of the case was a résumé or summary of the facts as noted at the outset. In that statement he may not have plainly stated the venue of the offense and while venue must be established it is not an essential element of the offense charged. State v. Page, Mo.App., 186 S.W.2d 503, 508–509.

■ In connection with venue and the claims of insufficiency of proof and the giving of instruction 2 the argument has to do with the substantive offense, *possession* (RSMo 1969, § 195.020 V.A.M.S.) of a narcotic drug, here "the plant Cannabis Sativa L." (RSMo 1969, § 195.010(5) V.A.M.S.), defined and declared by the uniform act a "narcotic drug," (RSMo 1969, § 195.010(17) V.A.M.S.). From the beginning defense counsel maintained that the proof, the charge and the whole proceeding were all insufficient to show whether the marijuana found in appellant's clothes was from the leaf or from a mature or an immature plant. Also it was his counsel's claim that the proof as well as instruction 2 should not only show "knowledge" that the appellant possessed a narcotic as defined but that they should exclude the exemptions of the definition "but shall not include the mature stalks of such plant," etc. RSMo 1969, § 195.010(5), V.A.M.S. All these arguments would require full and mature consideration except for the fact that they have all been advanced heretofore and decided adversely to the appellant. Admittedly, as ultimately established by the state, this case involves a very small quan-

tity of marijuana but the legislature has not seen fit to separate marijuana from the uniform act as a narcotic or to punish only possession of a large quantity of the substance—the quantity here was not so "infinitesimal" as to be immeasurable or "incalculable." And in this connection the test is not whether the quantity was such that the possessor could "achieve any effect from the use of three milligrams of heroin." State v. Young, Mo., 427 S.W.2d 510. Furthermore, these arguments, particularly as to knowledge, fail to give the slightest weight to another specific provision of the uniform act: "it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this law, and the burden of proof of any such exception, excuse, proviso or exemption shall be upon the defendant." Noting again the circumstances as the jury could find them the proof established the essential elements of the offense including the requisite knowledge on the part of the appellant. State v. Virdure, Mo., 371 S.W.2d 196; State v. Page, Mo., 395 S.W.2d 146; State v. Thompson, Mo., 425 S.W.2d 80.

■ At first blush it would appear that instruction 2 might fall within the case supposed in State v. Burns, Mo., 457 S.W.2d 721, 724: "suppose A borrows B's coat for a short time. There is marijuana hidden in the breast pocket. A, however, has no idea the coat he is wearing contains marijuana. Within a few minutes after donning the coat, A is arrested and charged with illegal possession of marijuana. Is this sufficient to convict him of violation of § 195.020?" The appellant McAllister did not testify but his friend and companion Glen Iverson did and he said that the black jacket McAllister was wearing belonged to someone else "one of our friends. You know, you see we wear each other's jackets and things," and Glen said that he was wearing McAllister's jacket. This evidence insofar as the instruction is concerned was destroyed by this testimony: "Q. Can you tell me for sure whether they are his or not? A.

Yes, these are his pants." And the technician who said that she kept the material from the six jacket and pants pockets separated stated that "three of the pockets in the jacket and three of the pockets in the trousers contained dried leaf fragments of the plant Cannabis Sativa, commonly known as marijuana." This witness did not possess outstanding qualifications as an expert but she qualified as competent to give two simple tests and there is no refutation of her testimony. In these circumstances instruction 2 was not prejudicially erroneous and it was not necessary to modify the instruction as requested by appellant's counsel. State v. Page, supra; State v. Thompson, Mo., 425 S.W.2d 80.

■ There is a fourth and final point that by reason of the trial judge's conduct, his rulings were not responsive to the objections, unduly limiting cross-examination and particularly by his attitude toward counsel, appellant was deprived of a fair and impartial trial and thus his state and federal due process rights were infringed. The extent of cross-examination and the procedure in presenting evidence were in the court's discretion. State v. Knicker, Mo., 424 S.W.2d 605. Likewise the time elapsed before the court inquired as to how the jurors stood and finally the giving of the so-called "hammer" instruction were in the court's discretion and here did not obviously involve coercion. State v. Smith, Mo., 431 S.W.2d 74; State v. Roberts, Mo., 272 S.W.2d 190. The court may have been a bit hasty in informing the jury that they could return a verdict of guilt without fixing the punishment (RSMo 1969, § 546.-440, V.A.M.S. Sup.Ct. Rule 27.03) but here again there is no demonstrable coercion or prejudicial impropriety. State v. Covington, Mo., 432 S.W.2d 267. On occasion the court may appear to have been a bit testy, but his testiness may have been, as the judge indicated, incited by counsel, he does not appear to have unduly projected himself into the trial as did the judge in State v. James, Mo., 321 S.W.2d 698. To some the penalty of five years' imprisonment

may appear severe, it is however within the limits prescribed by the legislature, not more than 20 years (RSMo 1969, § 195.200, V.A.M.S.), and the mere imposition of the sentence does not establish prejudicial bias on the part of the judge.

Accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.