STATE of Missouri, Respondent,

v.

Theoplus E. HILL, Appellant.

No. KCD 27657.

Missouri Court of Appeals,
Kansas City District.

Oct. 6, 1975.

Jon M. Krebbs, Asst. Public Defender, Seventh Judicial Circuit, Liberty, for appellant.

John C. Danforth, Atty. Gen., Robert H. House, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

SOMERVILLE, Presiding Judge.

Defendant was found guilty by a jury of stealing a motor vehicle. He was sentenced by the court to four years confinement in the Department of Corrections in view of the jury's inability to agree upon his punishment.

By a timely appeal defendant seeks to set aside his conviction and sentence on two grounds: (1) the trial court erred in admitting his extrajudicial oral confession prior to proof by the state of the corpus delicti of the crime; and (2) the state failed to meet its burden of proof because of a material and prejudicial variance between the information and the proof adduced at trial regarding ownership of the motor vehicle which defendant was charged with stealing. The nature of defendant's first point dictates a need for setting forth the facts in their correct trial sequence. With this admonition in mind, the following facts are sequentially set forth.

At 5:19 a. m. on May 28, 1974, Officers Trabue and Bozarth of the Kansas City, Missouri Police Department were dispatched to the Bus-Air Truck Company at 1508 Woodswether Road to meet a security guard who had reported the presence of "prowlers". Upon arrival they found defendant handcuffed and standing next to the security guard's automobile with a gas cap in his hand. The gas cap fit a 1974 Thunderbird automobile which was parked next to a fuel pump which was located between a truck and a loading dock. The cover to the gas tank of the Thunderbird was open and the gas cap was off. There was a padlock lying halfway between the Thunderbird and the fuel pump. The padlock had been sheared by some type of cutting instrument. At the scene defendant told the officers that a white male who had been driving the Thunderbird picked him up and offered to take him home if he would obtain gas for the car. Defendant pointed across the street and indicated that the white male was standing there waiting for him. One of the officers checked the area pointed out by defendant but was un-

able to find any one who matched the description given by defendant. Defendant was arrested and given a Miranda warning. Upon searching the defendant, an automobile key was found which unlocked the trunk to the Thunderbird. Upon opening the trunk of the Thunderbird one of the officers discovered "a rather large bolt cutter". Defendant was then removed to police headquarters and booked.

At police headquarters defendant was again given a Miranda warning and he signed a "waiver of rights". An officer who thereafter interrogated defendant at police headquarters testified that defendant admitted stealing the Thunderbird on the night of May 24, 1974, from Dealers Transport Co. on 69 Highway in Clay County.

Gordon Ringberg, an employee of Dealers Transport Co. testified that the Thunderbird was received by his employer on May 22, 1974, from California, and was on his company's lot on May 24, 1974. The car was in transit from California to Dewey Ford, Inc., a dealer in Iowa. Ringberg discovered the Thunderbird had been stolen from the company lot when informed by the police on May 28, 1974, that they had the car. No one on behalf of Dealers Transport Co. ever gave defendant permission to use or drive the Thunderbird.

Defendant chose not to offer any evidence.

■ Defendant's first point must be put in proper perspective. He does not claim that proof of the corpus delicti was inextricably linked to his extrajudicial oral confession and without the latter no proof of the corpus delicti existed. Indeed, if he did, the record would strip such a claim of all credence since the transcript discloses that the state adduced sufficient independent evidence, totally apart from defendant's extrajudicial oral confession, to establish the corpus delicti. The real nub of defendant's first point is directed toward the order of proof, i. e., admission of his extrajudicial oral confession prior to proof by the state of the corpus delicti. Viewed in its proper

perspective, defendant's first charge of error must fail. Similar charges of error have been leveled in previous cases and consistently struck down. The reason being this state has not seen fit to legally write an indelible trial scenario requiring independent proof of the corpus delicti to inexorably precede admission to an accused's confession. *State v. Easley*, 515 S.W.2d 600, 602 (Mo.App.1974); *State v. Madison*, 459 S.W.2d 291, 293 (Mo.1970); *State v. Rohman*, 261 S.W.2d 69, 73 (Mo.1953); and *State v. Arndt*, 143 S.W.2d 286, 287 (Mo. 1940).

■ Defendant's second and final point also fails to afford him any relief. The gravamen of defendant's second point, as contended by him, is the existence of a variance between the information and the proof at trial regarding ownership of the Thunderbird in that the information charged him with stealing property belonging to Dewey Ford, Inc., while the proof at trial showed ownership of the Thunderbird to be in the Ford Motor Company. Defendant has characterized the variance as "material and prejudicial" without advancing any reason or argument as to how and why such a characterization should attach.

An analysis of the information in conjunction with the facts impels the conclusion that defendant's characterization of the variance is totally unwarranted. The information charged defendant with stealing a motor vehicle, to-wit, a Thunderbird " . . . the property of Dewey Ford, Inc., under the care and custody of Dealers Transport Co. . . ." Mr. Ringberg of Dealers Transport Co. testified that "as far as we're concerned, at the time [it was stolen] it was Ford Motor Company's car." However, Mr. Ringberg further testified that the car was in the possession and custody of Dealers Transport Co. [when stolen] and that it would have been liable for the car if it had not been recovered. Mr. Ringberg's testimony also disclosed that the Thunderbird was received by Dealers Transport Co. from Ford Motor Company

for delivery to a dealer, in this case Dewey Ford, Inc., in Des Moines, Iowa.

 Lawful custody and control of property, even though actually owned in the formal or strict sense by another, is in the eyes of the law a sufficient attribute of ownership to support an averment and proof of ownership against one charged with stealing property belonging to another. *State v. Flowers*, 311 Mo. 510, 278 S.W. 1040, 1043 (1925); *State v. Nicoletti*, 344 Mo. 86, 125 S.W.2d 33, 36 (1933); and *State v. Webb*, 400 S.W.2d 84, 86 (Mo.1966). In the instant case the information averred and the evidence at the trial was amply sufficient for the jury to find that the Thunderbird was in the "custody and control" of Dealers Transport Co. when stolen by defendant from its lot. In an "embezzlement" case the purpose of requiring an averment of ownership in the information was held to be threefold: (1) to show that title of ownership is in someone other than the accused since the accused can not be charged with converting his own property; (2) to furnish notice to the accused of the particular offense which he is confronted with; and (3) to bar subsequent prosecution of the accused for the same offense. *State v. Nelson*, 362 Mo. 129, 240 S.W.2d 140, 142 (1951). This court believes the same rule should apply in a "stealing" case. Here the information clearly averred sufficient ownership in someone other than defendant, the averment was such that defendant was under no false illusion or misapprehension about being charged with stealing a Thunderbird belonging to another from the lot of Dealers Transport Co. while it was in their "care and custody", and, in *State v. Wright*, 476 S.W.2d 581, 584 (Mo.1972), a first degree robbery case involving an analogous variation between an averment in an information and proof at trial as to ownership of the property taken, it was held that the charge as alleged in the information would protect the accused against a subsequent charge involving the same act. The averment in the instant information that the general owner of the Thunderbird was Dewey Ford, Inc., while the evidence showed the general owner thereof to be Ford Motor Company, smacks of being harmless surplusage rather than a material variance in legal contemplation because of the additional averment in the information and uncontradicted proof at trial that the Thunderbird was in the "care and custody" of Dealers Transport Co. when stolen from its lot in Clay County. If there was a variance, it did not rise to the level of a material variance. Whether viewed as surplusage or as a variance, defendant, for reasons heretofore stated, was not prejudicially victimized by the somewhat imperfect information by which he was charged and stood trial.

Judgment affirmed.

All concur.