STATE of Missouri, Respondent,

v.

James H. MASTERS, Appellant.

No. KCD 27470.

Missouri Court of Appeals,
Kansas City District.

Nov. 3, 1975.

Motion for Rehearing and/or Transfer
Denied Nov. 19, 1975.

William G. Mays, II, Public Defender, 13th Judicial Circuit, Columbia, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

PER CURIAM.

The defendant was convicted by a jury of stealing property of the value of at least fifty dollars and sentenced to imprisonment for a term of five years.

On the night of June 15, 1973, a man who identified himself as Reverend H. B. Miller registered at the Columbia Best Western Inn and was given occupancy of Room 324. The guest made payment for the room by the use of a credit card issued to the City Union Mission. On the next afternoon, the housekeeper reported to the manager that the door of Room 324 displayed a DO NOT DISTURB sign although her records indicated that the occupant was to have released the room that day. The manager proceeded to the room, unlocked the door, and discovered that the television set, normally bolted to the chest, was missing.

Four days later, the defendant was arrested in his Kansas City apartment by police of that city for the theft and fraudulent use of credit cards. At the time of arrest, the defendant was in discomfort, apparently an adverse reaction to prescription medicine he had taken, so the officers delivered him under custody to a hospital. At the hospital, within 20 minutes of the arrest, the police searched the defendant and removed from his person a wallet which contained several credit and identification cards, among them those bearing the names Reverend H. B. Miller and Herman B. Miller. On the day of arrest, after release from the hospital, the defendant admitted to the police that he had registered at a Columbia motel as Reverend H. B. Miller and that he had taken a television set from his room, but refused to sign a written statement.

■ At the conclusion of the opening statement by the prosecutor, the defendant moved the dismissal of the charge on the objection that the prosecutor failed to state

any evidence of ownership of the television and that the set was taken without the permission of the owner. The dismissal was denied by the trial court and the point now comes on appeal.

The prosecutor is required by statute [§ 546.070, RSMo 1969] to state the case and offer the evidence in support of the prosecution. The purpose of the rule is to advise the jury of the facts which the State intends to prove and thereby inform the defendant of the contemplated course of prosecution so as to fairly enable the defendant to meet the accusation. *State v. Feger*, 340 S.W.2d 716, 724[12–16] (Mo.1969); *State v. Fenton*, 499 S.W.2d 813, 815[1, 2] (Mo.App. 1973). The scope and extent of the opening statement, however, is largely within the control of the trial court and will be sufficient if, when aided by the inferences reasonably to be drawn therefrom, the defendant is informed of the charges against him. *State v. Jones*, 363 Mo. 998, 255 S.W.2d 801, 805[6, 7] (1953).

In his statement of the case, the prosecutor delineated the proof he intended to make, including testimony by the manager of the Inn that following the defendant's occupancy of Room 324

> "the TV that normally sat in the room, as they do in all the rooms at the Columbia Best Western, was gone, removed  .  . that the TV in that room is normally bolted down  .  .  . and that it had been removed from its bolts and removed from where it had been"

and that the defendant was the thief. Contrary to the complaint made by the defendant to the trial court and now on this appeal, ownership in the Inn is reasonably inferable from the proposed proof that each room was furnished by the Inn with a TV set, just as the lack of the owner's consent for the taking is inferable from proof that the TV in Room 324, normally bolted down, had been unfastened and removed. The first contention is not sustained.

The defendant next contends that the police search at the hospital [which yielded the incriminating credit cards] was invalid and the conviction based upon that evidence was unlawful. The defendant contends that had the search been conducted at his apartment it would have been valid as incident to a lawful arrest, but that a warrantless search at another time and another place violates constitutional principle. It is firmly established that a search of the person at the police station is both a valid incident to arrest and a valid inventory procedure. *State v. Murray*, 445 S.W.2d 296, 298[7] (Mo.1969); *Cotton v. United States*, 371 F.2d 385, 392 (9th Cir. 1967).

The judgment is affirmed.

All concur.