STATE of Missouri, Respondent,

v.

Gary Charles BARBER.

No. 40465.

Missouri Court of Appeals,
Eastern District.

Aug. 7, 1979.

Linda R. Allen, Asst. Public Defender, Twenty-First Judicial Circuit, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

## PER CURIAM.

Defendant was charged by information with operation of a motor vehicle without the owner's consent and with two counts of second-degree burglary and stealing. On appeal from his conviction on all charges, defendant asserts that the prosecuting attorney's opening statement was fatally defective in failing to state facts to support the motor vehicle charge and the first burglary count; that the trial court erred in admitting certain hearsay testimony over objection to establish ownership of a television that had been taken in one of the burglaries; that it was error to instruct the jury on the motor vehicle operation charge because there was no evidence of operation; and that the court erred when, in submitting the television theft instruction, it required only that the jury find the T.V. to have been in the possession of the victim as opposed to a finding of ownership. We affirm.

Evidence to sustain defendant's conviction was substantial. An Edmundson police officer responding to a prowler call observed defendant leaving an automobile parked in the vicinity of the two burglaries for which he was later charged. As the defendant walked away from the auto, the resident of the neighborhood who had made the police call, debouched from his house and shouted, "That's him"; the police officer identified himself and called for the defendant to "Hold it". Defendant fled on foot with police in pursuit. During his flight defendant dropped an iron tire tool. The chase was brief and defendant was captured. The motor of the auto that defendant was observed to leave had been left running, a screwdriver inserted in the ignition. The fruits of two burglarized residences were in the back seat of the auto which had been stolen.

Both burglarized residences showed signs of forcible entry, including marks on or around doors of the type made by an instrument such as the one defendant dropped during the chase. Defendant presented no evidence.

One of the burglary victims, Donald Berry, testified that there had been a forcible entry into his residence; that a television set belonging to his fiancee which he had been keeping with her permission had been taken. The information filed against defendant alleged theft of a television set belonging to Mr. Berry while the jury instruction required a finding only that it was in his "possession" at the time it was taken. The latter formed a basis for one of defendant's points of appeal.

Defendant's first point alleges that the prosecutor's opening statement was fatally defective in failing to state facts that would constitute either operation or use of a motor vehicle without the owner's consent, as charged in Count I, or the forcible entry element of the burglary of the Berry residence, as charged in Count II.

The purpose of the prosecutor's opening statement, as required by Supreme Court Rule 26.02(2), is "to advise the jury of the facts which the State intends to prove and thereby inform the defendant of the

contemplated course of prosecution so as to fairly enable the defendant to meet the accusation". *State v. Masters*, 530 S.W.2d 28, 30 (Mo.App.1975).

The trial court has broad discretion in acting on motions for acquittal following the State's opening statement, the exercise of which is reviewable only for "manifest abuse resulting in prejudice to a defendant". *State v. Fenton*, 499 S.W.2d 813, 816 (Mo.App.1973). Further, "the court does not err in refusing to dismiss upon opening statement where the prosecuting attorney makes 'no admissions or statements from which it necessarily followed that the state's proof would be insufficient to sustain the charge'". *State v. Ryun*, 549 S.W.2d 141, 145 (Mo.App.1977), quoting *State v. McAllister*, 468 S.W.2d 27, 29 (Mo.1971).

Regarding Count I, the prosecutor recited the charge of operation and use without the owner's consent, identified the vehicle in question and stated that defendant had been seen exiting the vehicle.

An opening statement will ordinarily be sufficient if, *"when aided by the inferences reasonably to be drawn therefrom, the defendant is informed of the charges against him"*. (emphasis added). *State v. Masters, supra* at 30, citing *State v. Jones*, 363 Mo. 998, 255 S.W.2d 801, 805 (1953). The obvious inference to be drawn from the prosecutor's statement is that the State intended to support its charge against the defendant with evidence that he had been seen leaving an automobile identified as having been stolen. There is no question that this fairly apprised the defendant of the essentials of the State's case in this regard, and that it thereby afforded him ample opportunity to meet the charge. Similarly, the statement did not constitute an admission by the prosecutor that the State could under no view of the evidence to be adduced make its case. This court finds no manifest abuse of discretion prejudicial to the defendant in the trial court's refusal to grant the motion for acquittal.

Addressing the contents of the opening statement as to Count II, the prosecutor again began by stating the charge of burglary in the second degree with respect to Mr. Berry's residence. He recounted Mr. Berry's arrival home after work on the day in question to find the television set missing, his call to the police to report a burglary after he had ascertained from his fiancee that she had not removed the set in his absence, and the recovery of the set in the stolen automobile associated with defendant. Defendant complains that the prosecutor failed to set forth facts that would establish "breaking and entering"—an element of the offense of burglary.

While the prosecutor should have fleshed out his largely conclusional comments in this respect with some additional facts, we think the reasonable inferences to be drawn from his statements were adequate to apprise defendant of the essentials of the State's case on this charge. The actual manner or nature of the entry is important where first degree burglary is charged. *State v. Young*, 345 Mo. 407, 133 S.W.2d 404 (1939). Where the charge is second degree burglary, there need be no evidence of forcible bursting or breaking. *State v. O'Brien*, 249 S.W.2d 433 (Mo.1952), cert. denied, 344 U.S. 859, 73 S.Ct. 100, 97 L.Ed. 667 (1952). The fair and reasonable inference of the prosecutor's comments on Count II was that the State would attempt to show that the defendant had entered Mr. Berry's residence in his absence, without his consent, with the intent of stealing therefrom, which was all that was necessary to make the case under this count. There was nothing in those comments that admitted the State out of court, and they apprised the defendant of the case against him sufficient to enable him to effectively counter with evidence of his own if he so chose. Accordingly, we conclude there was no error in refusing to grant defendant's motion for acquittal following the opening statement.

In his second point, defendant objects on the ground of hearsay to the admission of certain testimony regarding owner-

ship of the television taken from Mr. Berry's residence. Of course, ownership, or, alternatively, lawful possession by the victim of stolen property is an essential element of the State's case. § 560.156, RSMo 1969; *State v. Hill*, 528 S.W.2d 798, 801 (Mo.App.1975). Defendant maintains that it was prejudicially erroneous for the State to fail to secure the testimony of the actual owner of the television set instead relying on the allegedly hearsay testimony of Mr. Berry to the effect that he had possession with the owner's consent.

 The record discloses in the following exchange with Mr. Berry on the stand that defendant failed to preserve this point for review:

Q. [prosecutor] Now, this television, you say it belonged to your fiancee; is that correct?

A. Yes.

Q. But she kept it at your house; is that correct?

A. Yes.

Q. And how long had you kept it at your house?

A. Oh, about five (5) weeks.

Q. And, in fact, it was returned to you, was it not?

A. I went and picked it up.

Q. All right. Do you still have it at your house?

A. Yes.

Q. Your fiancee had you keep that T.V. with your fiancee's permission; is that correct?

A. Yes.

MR. DOWNEY: [defendant's counsel] Your Honor, I object. That calls for hearsay and conclusion.

THE COURT: Overruled.

Q. (By Mr. Chapnick) Is that correct?

A. Yes.

"Where a question indicates that the response to it will be incompetent or inadmissible, an objection thereto, in order to be available, must be made before the answer is given, as it is too late to object thereafter . . . ." *Lewis v. Hubert*, 532 S.W.2d 860, 868 (Mo.App.1975), quoting *Minks v. Smith*, 367 S.W.2d 6, 8 (Mo.App.1963).

Error in the admission of evidence in the trial court must be preserved for appellate review by objection made therein; but to be effective, the objection must be . . . timely. *State v. Simmons*, 500 S.W.2d 325, 328 (Mo.App.1973).

Exceptions to this general rule exist where it appears that the objectionable answer came too quickly to allow the interposition of the objection, *State v. Simmons, id.* at 328, or where the faulty answer came in response to an apparently proper question. *Brown v. Parker*, 375 S.W.2d 594 (Mo.App. 1964). Neither exception applies in the instant case. The question clearly called for a response in the nature of hearsay, and, indeed, was itself actually framed in terms stating hearsay information to be confirmed by the witness. Additionally, the quoted portion of the record shows that the prosecutor had previously elicited essentially the same information from the witness in an exchange that went unchallenged by defense counsel. No prejudice could have resulted from the subsequent admission of the witness' affirmative response as to permission, where the earlier exchange established essentially the same fact. The admission of evidence over objection that is merely cumulative of or restates earlier evidence admitted without objection, and where no motion to strike the body of objectionable evidence is made, is not error. *F. C. Preuitt Const. Co., Inc. v. Doty*, 536 S.W.2d 908 (Mo.App.1976). *See: State v. Mills*, 521 S.W.2d 495 (Mo.App.1975).

 Defendant's third point on appeal addresses the sufficiency of the State's evidence to support the giving of the instruction on operation of a motor vehicle without the owner's consent. Specifically, defendant contends there was no evidence of defendant's having actually operated the vehicle in question as there was no evidence placing him behind the driver's seat while the auto was in motion. The record contains testimony of a police officer who, while responding to a call regarding defendant's activities in the neighborhood, ob-

served defendant exiting the driver's seat of an automobile later determined to have been stolen, with the back seat laden with goods taken from the residences of the victims. It was also shown that the engine of the auto in question was running at the time and that its ignition switch had obviously been disturbed by the insertion of a screwdriver.

Defendant's contention is without merit. In *State v. Goodman*, 531 S.W.2d 777 (Mo. App.1975), evidence that the defendant had been apprehended while sitting in the driver's seat of a parked automobile, the ignition of which had been "punched out" and that had been stolen was held to constitute a submissible case on this charge. We discern no reason for distinguishing the instant case on the basis that this defendant was seen in the act of abandoning, as opposed to maintaining, possession of the parked auto.

In determining the propriety of an instruction submitted to the jury, we look to see if the challenged instruction is supported by substantial evidence, including the reasonable inferences to be drawn therefrom. *State v. Cole*, 377 S.W.2d 306 (Mo.1964). The only reasonable inference to be drawn from the evidence presented at trial was that the defendant had arrived at the scene in the auto in question and was about to utilize it for the purpose of spiriting away the spoils of his burglarious efforts when apprehension of imminent detection by the approaching officer caused him to abandon his malgained lucre. The challenged instruction was fully supported by the evidence presented together with inferences reasonably arising therefrom.

Finally, defendant maintains that the instruction submitting the stealing charge relative to the Berry television was erroneous in two respects. Defendant objects to the use of the word "possession" in reference to Mr. Berry's interest in the property in that it would allow a finding of guilty of stealing without a prior finding that the property in question was either owned or "lawfully possessed" by another— an element of the offense charged. De-

fendant also claims that the instruction prejudicially varied from the indictment by substituting the term "possessed" for "owned", thereby lessening the proof required for a conviction. Defendant contends that the alleged infirmity of the instruction would be cured if the term "possession" were qualified by the use of an adjective such as "rightful" or "lawful", inasmuch as legal possession in Missouri has long been recognized as the equivalent of the element of actual ownership under the stealing statute. *State v. Webb*, 400 S.W.2d 84 (Mo.1966). *See also: State v. Fleming*, 518 S.W.2d 449 (Mo.App.1975).

We do not find it necessary to decide whether the unqualified use of the term "possession" is sufficient to charge the jury as to the element of ownership of stolen property or its equivalent, because, under the circumstances presented here, the jury could not have found Mr. Berry to have been in possession of the television set without also finding that possession to be of a quality which was lawful. In the context of this case, the fact of Berry's possession was inextricably bound with the fact of ownership by the fiancee and of her permission for his use of the television. The only evidence presented on the issue simultaneously disclosed both actual ownership in the fiancee and lawful, permissive possession in Berry. There was no evidence to any other effect, and the jury could not reasonably have found that Berry had possession at all unless it found that his possession came about lawfully. No prejudice to defendant could therefore have resulted from the omission in the instruction of a term modifying the word "possession".

Our conclusion in this respect is supported by the rationale underlying the requirement that ownership (or its practical equivalent, lawful possession) of stolen property be proven in prosecutions for stealing. The averment of ownership serves the threefold purpose of: (1) showing title to be in someone other than the accused, in that one cannot be guilty of stealing one's own property; (2) furnishing notice to a defendant of the particular of-

fense so that he may adequately meet the charge; and (3) to bar a subsequent prosecution for the same offense, *State v. Hill*, 528 S.W.2d 798 (Mo.App.1975). In other words, the purpose of the ownership averment is to identify with particularity the property in question. An instruction based on possession of property under the circumstances shown here adequately discharges this purpose as to each of the three stated reasons, and to find that the instruction was deficient for want of a term of qualification would be insupportable elevation of form over substance.

Finally, we need only determine whether the possession instruction was such a material variance of the indictment laying ownership in Berry as to be error. What has been said above regarding lawful possession as the equivalent of actual ownership under Missouri's stealing statute is dispositive. An allegation of "care and custody" alone, where the correct actual ownership was never alleged at all, has been held to be "in the eyes of the law a sufficient attribute of ownership to support an averment and proof of ownership against one charged with stealing property belonging to another". *State v. Hill, Id.* at 801. See also *State v. Nichols*, 130 S.W.2d 485 (Mo. 1939).

The State in the instant case both alleged and proved a "sufficient attribute of ownership" in Berry to support the conviction for stealing. It necessarily follows that it was immaterial whether the instruction was couched in terms of "possession" or "ownership". No prejudice to defendant could have resulted from the change in terminology.

The judgment is affirmed.

All Judges concur.