STATE of Missouri,
Plaintiff-Respondent,

v.

Richard V. REID, Defendant-Appellant.

No. 12677.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 18, 1983.

Devon F. Sherwood, Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for defendant-appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Kristie Green, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

A jury found defendant guilty of stealing property valued at more than $150, a Class

C felony, (§ 570.030, par. 3[1]).[1] The trial court found defendant to be a persistent offender, (§ 558.016, par. 3), and imposed a seven-year sentence. Defendant appeals.

Defendant's first point is that the trial court erred in finding him to be a persistent offender and in refusing to permit the jury to assess the punishment for these reasons: (a) The amended information on which the finding of persistent offender status was based was not filed with leave of court as required by Rule 23.08; (b) defendant was not arraigned on the amended information; and (c) the evidence was insufficient to show that defendant was a persistent offender because the amended information pleaded that the date of one of the two prior felony convictions was May 31, 1966, and the proof showed that the date of that conviction was June 23, 1967.

Defendant was tried twice for the instant offense. The first trial, which took place on August 31, 1981, resulted in a mistrial. The second trial, which gave rise to this appeal, took place in January 1982.

On August 31, 1981, the state, with leave of court, filed an amended information and both trials were held on that information. In the persistent offender portion of the amended information, the date of one of the prior felony convictions was shown, in typewriting, as May 31, 1966. That date was stricken through and the date "June 23, 1967" was interlineated. The trial judge, who presided at both trials, had approved the filing of the amended information and he expressed the opinion that the interlineation was made prior to the filing. Defendant argues that there is no proof that such was the situation and claims that if the interlineation was made at a later date, without the trial court's consent and the defendant's knowledge, it was ineffective and that proof of a conviction on the interlineated date would not satisfy the allegation of the typewritten date.

The trial court held a hearing on the persistent offender allegations before the case was submitted to the jury. During that hearing the parties and the court became aware of the interlineation. It was at that time that the court expressed his opinion that the interlineation was made before the amended information was filed. The fact is that the same conviction was involved and the difference in the dates arose from the fact that defendant's plea was entered on May 31, 1966, and he was placed on "parole." On June 23, 1967, the "parole" was revoked and defendant was sentenced to two years imprisonment.

Even if the trial court was wrong in believing that the interlineation was made prior to the filing of the amended information, the trial court, at the persistent offender hearing, accepted the amended information as interlineated and in effect approved at that time the amendment by interlineation. Where an information adequately charges a defendant with being a persistent offender, the trial court may properly permit the information to be amended so as to correct the date of a prior felony conviction. Such an amendment does not prejudice the defendant. *State v. Leake,* 608 S.W.2d 564, 565[3] (Mo.App. 1980); *State v. Byrnes,* 619 S.W.2d 791, 792–793[2] (Mo.App.1981); *State v. Porter,* 619 S.W.2d 892, 894[3] (Mo.App.1981); *State v. Parton,* 637 S.W.2d 39, 41[3] (Mo. App.1982).

Defendant's first point has no merit.

Defendant's second point is that the trial court erred in giving Instruction 5 and Instruction 7 because: (a) Instruction 5 improperly deviated from MAI–CR.2d 24.02.1 in that it failed to advise the jury of the range of punishment and of the jury's duty to assess the punishment; (b) Instruction 7 improperly deviated from MAI–CR.2d 2.60 in failing to advise the jury of the jury's duty to assess the punishment; and (c) the two instructions were based on § 557.036, as amended, Laws of Missouri 1981, p. 636, but the trial court improperly permitted that statute to prevail over Rule 28.02.

Section 557.036, as amended in 1981, reads, in pertinent part:

---

1. Unless otherwise indicated all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

"1. ...

2. The court shall instruct the jury as to the range of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment as a part of their verdict, unless

(1) ... .

(2) The state pleads and proves the defendant is a ... persistent offender ... as defined in section 558.016, RSMo.

. . . . .

3. ...

4. ...

5. The court shall not seek an advisory verdict from the jury in cases of ... persistent offenders ...; if an advisory verdict is rendered, the court shall not deem it advisory, but shall consider it as mere surplusage."

Instruction 5, the state's verdict-directing instruction, was based on MAI–CR.2d 24.-02.1 but the following language, found in MAI–CR.2d 24.02.1, was omitted from Instruction 5:

"If you find the defendant guilty (under Count _____ ) of stealing without consent, you will assess and declare the punishment at:

[If a Class C felony] 1. Imprisonment in the division of corrections for a term of years fixed by you, but not less than two years and not to exceed seven years, or

2. Imprisonment in (the county jail) ([other authorized penal institution]) for a term fixed by you, but not to exceed one year."

Instruction 7 reads:

## "INSTRUCTION NO. 7

You are further instructed that if you find the defendant guilty of stealing without consent as submitted in Instruction No. 5, the Court may, under the law, sentence the defendant to either:

1. Imprisonment for a term fixed by the Court, but not to exceed fifteen years, or

2. The payment of a fine, the amount of which would be determined by the Court in accordance with applicable statutes, or

3. Both such imprisonment and the payment of such a fine.

In your deliberations your duty is to determine whether the defendant is guilty or innocent."

Instruction 7 is based on MAI–CR.2d 2.60, but paragraph number 1 of MAI–CR.2d 2.60 reads:

"1. Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict, or ..." and the last paragraph of MAI–CR.2d 2.60 reads:

"In your deliberations your duty is to determine whether the defendant is guilty or innocent, and, if you find him guilty, to assess and declare the punishment as directed in other instructions given to you."

Instruction 5 and Instruction 7 were drafted in light of the fact that, in a persistent offender situation, it is the function of the court, and not that of the jury, to assess and declare the punishment.

"If the defendant is found to be a ... persistent offender ... as defined in § 558.016:

(1) If he has been found guilty of a class ... C ... felony, the court shall proceed as provided in § 558.016. ..." § 557.036, par. 4.

Under § 558.016, par. 1, the *court* may sentence a person who has been found guilty of a Class C felony to an extended term of imprisonment if it finds the defendant is a persistent offender. Under § 558.-016, par. 6(3), the total authorized maximum term of imprisonment for a persistent offender for a Class C felony is "a term of years not to exceed 15 years."

■ If MAI–CR.2d 24.02.1 had been given without modification, the jury would have been informed, incorrectly, that they were required to assess and declare the punishment. Instruction 7 accurately told the jury that if they found the defendant guilty, the court could, under the accurately stated legal limits, impose the sentence.

█ If MAI–CR.2d 2.60 had been given without modification, the jury would have been informed, incorrectly, that it was their function to assess and declare the punishment and that the court could not fix a term of imprisonment in excess of the term set by the jury in its verdict.

Defendant is reduced to arguing that although Instruction 5 and Instruction 7 did not misinform the jury, the jury should have been misinformed. Defendant is also reduced to arguing that although the jury was correctly informed as to the role the court would play in sentencing, that information should not have been imparted to the jury.

The situation here is almost the reverse of that which obtained in *State v. Hunter,* 586 S.W.2d 345 (Mo. banc 1979). That case arose under the now repealed Second Offender Act, (§ 556.280 RSMo 1969). The jury found the defendant guilty of stealing property of a value of at least $50 and set the punishment at confinement for one year in the St. Louis Medium Security Institution. The trial court, acting under the Second Offender Act, assessed the punishment at five years imprisonment. The verdict-directing instruction of the state told the jury that if they found the defendant guilty, "you will fix his punishment." Defendant argued that the instruction misled the jury into believing that he would serve only the time it assessed.

The supreme court said it was "difficult to deny" that the jury could have been misled by the instruction as to its power to assess punishment. The court held, however, "under the facts of this case, no prejudice to appellant is found."

In a dissenting opinion Judge Bardgett, with whom Judge Seiler concurred, stated that the defendant was prejudiced because the jury was led to believe it had the power to sentence for the felony. Judge Bardgett suggested that the proper procedure would be "that the jury be informed of the punishments available on the felony conviction and told that the court, not the jury, would assess punishment if the conviction is for the felony."

If, as held in *Hunter,* it was harmless error to give the jury inaccurate information on the respective roles of the court and jury with respect to assessing punishment, it would be anomalous if this court were to hold that it was prejudicial error to give the jury accurate information.

Rule 28.02(a), on which defendant relies, reads, in pertinent part:

"Other MAI–CR instructions in the 2.00 Series must be given, whether requested or not, where applicable under the law to the facts.... Verdict directing MAI–CR instructions in the 15.00 to 32.00 Series, inclusive, shall be given where applicable even though no request therefor has been made."

█ If it be assumed, arguendo, that Instruction 5 and Instruction 7 violated Rule 28.02, it is the function of this court to determine whether that error was prejudicial. Rule 28.02(e). This court holds, with respect to the attacks made by defendant on Instructions 5 and 7, that the trial court did not commit prejudicial error in giving either instruction. Defendant's second point has no merit.

The judgment is affirmed.

TITUS and PREWITT, JJ., concur.

GREENE, C.J., and CROW, J., recused.