**STATE of Missouri, Respondent,**

v.

**Jackie GREER, Jr., Appellant.**

**No. WD 33950.**

Missouri Court of Appeals,
Western District.

May 24, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Aug. 2, 1983.

Application to Transfer Denied
Sept. 20, 1983.

H. William McIntosh, Meise, Cope & Coen, Kansas City, for appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and DIXON and NUGENT, JJ.

CLARK, Presiding Judge.

Jackie Greer, Jr. was charged with the Class C felony of stealing, § 570.030, RSMo Supp.1982 and, after a jury trial, was convicted. A sentence of five years recommended by the jury was imposed. On this appeal, Greer contends the evidence was insufficient to support the conviction. We agree and reverse.

Viewing the evidence in the light most favorable to the verdict and granting the state the benefit of all favorable inferences, the jury was entitled to find the following. The Sugar Creek Christian Benevolent Bur-

ial Association, Inc. was the owner of a 1980 John Deere model 400 lawn tractor equipped with a mower deck. The weight of the tractor was approximately 1300 pounds. It was normally kept in a locked utility shed on the cemetery grounds in Buchanan County.

On the morning of October 1, 1981, Jesse Page, a member of the cemetery association, drove by the cemetery property and discovered the doors of the utility shed open, the lock and hinge broken and the tractor and other articles gone. The previous evening, when Page had passed by the same location, the shed doors had been shut. Page did not testify to making any inspection of the shed at that time, he apparently having assumed from the appearance of the shed door that the contents were intact. Daniel Thomas, president of the association established that the mower had been in the shed one or two weeks before October 1, the last date before the loss when he had seen the mower.

In the evening hours of September 30, 1981, Greer and one Leroy Fortune appeared at the home of Hamill Ritchie some five miles from the cemetery. Ritchie and Fortune were acquainted from their place of employment. Fortune explained to Ritchie that a tractor he was transporting had slipped out of the back of his truck and he wanted to leave the tractor in Ritchie's yard overnight until he could return with help to load it. Although it was dark, Ritchie recognized the tractor as a John Deere 400.

On the following day, Greer, Fortune and a third person returned to Ritchie's house with a larger truck, loaded on the tractor which had remained in Ritchie's yard overnight and drove off. Ritchie had never seen the cemetery association tractor and was able to say only that the tractor in the possession of Greer and Fortune was the same make and model as that described as belonging to the cemetery. The stolen property was never recovered.

On behalf of Greer, evidence was offered that John Deere had manufactured without design change the 400 series tractor from 1977 to 1981 and between those dates, 1,571

of the tractors with mower decks had been sold in the Kansas City region. One dealer from St. Joseph testified that he had sold 17 of the tractors between 1978 and 1981 and he usually kept two in stock. All of the tractors are painted with the same colors, green and yellow, and bear the 400 series mark.

In the first and dispositive point raised on this appeal, Greer contends the state failed to make a submissible case against him because the inference of his complicity in the theft depended on his possession of the stolen tractor and there was no proof that the tractor left overnight at the Ritchie residence was the tractor belonging to the cemetery association.

Identification of alleged fruits of a larceny must be by the most direct testimony of which the case is susceptible. *State v. Pulis,* 579 S.W.2d 395, 398 (Mo.App. 1979). Nonetheless, even the identification of property stolen may be established by circumstantial evidence. *State v. Sloan,* 548 S.W.2d 633, 638 (Mo.App.1977). The effect of the evidence and its sufficiency depends on the circumstances of the case. Thus, in *State v. Pulis, supra,* the stolen property sold by defendant to a third party was copper tubing, which the owner identified as his by the brand names on the tubing and the fact he was the only one in the area to use that brand.

In *State v. Sloan, supra,* the defendant was detained in front of a burglarized warehouse and the owner was called to examine a sink and copper coils found in defendant's truck. Although there was nothing to distinguish the property from other sinks and coils, the owner testified he was familiar with his property and recognized the sink particularly as one he had removed from another location. Also illustrative of the point is *State v. Hines,* 567 S.W.2d 740 (Mo.App.1978) where defendant was seen leaving an office building with an IBM electric typewriter prior to discovery that such a typewriter was missing from the premises. Although the typewriter was never recovered, the circumstantial proof was held to be sufficient because of the evidence showing the defendant to have

removed property of similar character from the site of the theft.

In the present case, there was nothing to connect Greer with the unauthorized entry into the utility shed at the cemetery because he was not observed at any time to have been on or near the property. Moreover, the time of the theft was uncertain, it being no more than speculation that the loss occurred September 30 rather than some time the previous week or earlier dating from the last time the tractor was seen in the shed. Representatives of the cemetery association made no identification of the tractor for the obvious reason that it was not recovered and they had no opportunity to see the tractor left overnight with Ritchie. They gave no evidence from which their tractor was distinguishable from the many others of the same model sold and Ritchie himself, having never seen the cemetery tractor, could make no identification. The sum of the state's proof on identification was that Greer was observed to have been in possession of a tractor corresponding to one of similar make and model recently stolen.

This case bears a resemblance to the facts in *State v. Poole,* 563 S.W.2d 156 (Mo.App. 1978) in which Poole was charged with driving a motor vehicle without the consent of the owner. Poole was stopped for driving a car without a license plate, the vehicle being shown to have been a 1966 Chevrolet Malibu. The previous day, the owner had reported theft of a 1966 Malibu and it was this car which it was charged the defendant had stolen. In the state's case, however, there was no evidence of vehicle identification numbers, no testimony by the owner that the car Poole was driving was the owner's property nor was there evidence as to color or body style which would distinguish the vehicle in Poole's possession from any other 1966 Malibu. The court noted that there was no bridge by which the state connected the stolen auto with that driven by Poole and that the conviction could not stand based on surmise and speculation the two cars were the same. To like effect is the decision in *State v. Thompson,* 428 S.W.2d 742 (Mo.1968) involving identification of a wallet by brand name and gloves.

We conclude the state's case here failed because there was neither direct evidence nor substantial circumstances shown from which it could reasonably be found by the jury that the tractor in Greer's possession was the property stolen from the cemetery. The most that can be said is that a model 400 John Deere tractor was stolen and the defendant was later seen to be in possession of similar property. Under the cases cited, this proof raises no more than a suspicion that Greer was involved in the theft and will not support a conviction for the offense.

In its brief, the state cites and relies on *State v. Stark,* 590 S.W.2d 690 (Mo.App. 1979) and *State v. Holt,* 603 S.W.2d 698 (Mo.App.1980). These cases are distinguishable because, in common with *State v. Sloan, supra,* they involve the identification of stolen property found in the possession of the accused and identified by the owners. They hold it to be sufficient for the admission of the exhibit if the witness testifies the exhibit is similar to or looks like the stolen property.

Appellant's conviction is reversed and he is ordered discharged.

All concur.