**STATE of Missouri, Respondent,**

v.

**Melvin MASON, Appellant.**

**No. 46394.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 12, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1983.

Thomas S. Hyatt, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CRANDALL, Presiding Judge.

Appellant was convicted by a jury of the crime of burglary in the second degree, § 569.170, RSMo (1978). He was sentenced to seven years' imprisonment as a prior offender, § 558.016, RSMo (1978). This appeal ensues. We affirm.

At approximately 11 a.m. on November 2, 1981, Officers Edwards and Dickens responded to a call concerning a burglary in progress at 4012 Enright Avenue. They drove up to the front entrance of the building and observed the door standing open. The building was partially fenced off. A white pickup truck, parked four to five feet from the rear wall of the building on the back lawn, was loaded with sinks, radiators, pipes, and wire. Officer Edwards saw appellant arranging the fixtures on the truck. He also observed two other men in the yard, later identified as James Cody and James Thomas.

Police Officer Young arrived at the scene in a separate vehicle. He saw the three men loading radiators and sinks onto the pickup truck. Officer Young arrested appellant as he started to walk away from the truck and toward a nearby alley. He then arrested James Thomas and James Cody. All three men were covered with dirt, cobwebs, and plaster.

Officer Dickens who was on patrol with Officer Edwards testified that he saw James Thomas and James Cody exit the rear of the building and walk in the direction of the pickup truck. He later inspected the vacant building. Sinks, radiators, and bathtubs were missing. It appeared that they had been torn from the walls. Water was on the floors, and the interior steps of the building were damaged by heavy objects which had apparently been dropped on them.

The owner of the building testified that two days before this incident all the fixtures in the building were intact. He said that it appeared that the fixtures and pipes had been ripped from the walls.

■ Appellant first contends that the trial court erred in submitting verdict-directing Instruction No. 5[1] to the jury because the evidence was insufficient to show that appellant unlawfully entered the building. Instruction No. 5 was based upon MAI–CR 23.52 (Burglary in the second degree), as modified by the recently revised and approved (April 30, 1982) MAI–CR 2.12 38 MO.B.J. 307, 307–308 (1982). MAI–CR 2.12 is used when the defendant's guilt is based on the theory of accessorial liability; the conduct constituting the offense is committed by someone other than the defendant and liability will depend in part on imputing the conduct of the other person to him. Notes on Use 6 states that depending upon the particular fact situation, the elements of the offense must be ascribed to the particular person (or persons) as supported by the evidence, and that person will not always be the defendant. In ascertaining whether to ascribe the elements of the offense to the defendant or the other offenders, Notes on Use 6 gives four examples. The trial court must have found example (c) applicable, since in Instruction No. 5, in the paragraph following "then you are instruct-

---

1. Verdict-directing Instruction No. 5 states:

A person is responsible for his own conduct and he is also responsible for the conduct of other persons in committing an offense if he acts with them with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other persons in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on November 2, 1981, in the City of St. Louis, State of Missouri, the defendant knowingly entered unlawfully in a building located at 4012 Enright and owned by Paul McNeal, and

Second, that the defendant did so for the purpose of committing the crime of stealing therein,

then you are instructed that the offense of burglary in the second degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Third, that with the purpose of promoting or furthering the commission of burglary in the second degree, the defendant acted together with or aided James Thomas and James Cody in committing that offense,

then you will find the defendant guilty of burglary in the second degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

A person commits the crime of stealing if he appropriates property or services of another with the purpose of depriving him thereof, either without his consent or by means of deceit or coercion.

ed that the offense of burglary in the second degree has occurred . . ." the words "acted together with or aided" are used as instructed. This was the proper example to take guidance from since the evidence was unclear as to whether the appellant actually entered the building, though there was undisputed testimony that the other offenders were seen exiting the building. Example (c) states in part:

> Where the evidence is not clear or conflicts as to which person (in a group including the defendant) engaged in the conduct constituting the offense (as where the defendant is charged with burglary and the evidence shows the defendant was one of two persons, one of whom unlawfully entered the building and stole while the other remained outside as a lookout) ascribe the elements of the offense to the defendant *or* the other person or persons.

The trial judge must have believed that the "or" clause gave him the option to ascribe the elements of entry to either appellant or his codefendants. The element of entry was ascribed to appellant, and verdict-directing Instruction No. 5 resulted. This was an erroneous interpretation of the "or" clause. The element of entry should have been ascribed to: *defendant or James Thomas or James Cody.* As submitted, Instruction No. 5 required the jury to find appellant guilty as a principal offender. The third requirement of the instruction, along with the general discussion of accessorial liability was superfluous. This error, however, was prejudicial to the State rather than the appellant because it required the State to prove that appellant entered the building, an unnecessary element of proof under the facts of this case.

■ We now consider the sufficiency of the evidence to meet the additional element of proof that appellant entered the building. In testing the sufficiency of the evidence, facts and appropriate inferences intelligently drawn therefrom must be assessed in the light most favorable to the State and all adverse inferences and evidence disregarded. Review is limited to whether the evidence is sufficient to build a submissible case and whether there is sufficient evidence from which reasonable individuals could conclude appellant is guilty. *State v. Turner,* 631 S.W.2d 695, 696 (Mo.App.1982); *State v. Moon,* 602 S.W.2d 828, 831 (Mo.App.1980). A reasonable inference from the evidence at trial was that appellant was in the building at some point during the commission of the burglary. Fixtures had been yanked from the walls inside the building; appellant and co-defendants Cody and Thomas were dirty and covered with plaster.

■ Officer Dickens testified that he saw James Thomas and James Cody exit from the rear of the building and walk in the direction of the pickup truck. Officer Young testified that he saw all three men loading radiators and sinks into the truck. Although the mere presence of an accused at the scene of a crime will not sustain a conviction, presence may be considered along with other incriminating evidence to determine if the total circumstances raise a reasonable inference that the accused participated in that offense. *State v. Means,* 628 S.W.2d 426, 428 (Mo.App.1982). The evidence showing appellant's clothing was full of plaster as were Cody's and Thomas' clothes, along with direct testimony that Cody and Thomas were seen exiting the building, coupled with the evidence that appellant was arranging the fixtures on the truck along with Cody and Thomas, is consistent with the conclusion that appellant had entered the building. Appellant's first contention is denied.

Appellant next contends the following remarks by the prosecutor during closing argument constitutes plain error:

> There is also a paragraph in this instruction about what a burglary is. It tells you that if three of us go do a criminal offense and I sit outside and wait for the radiators to drop down under the floor to the ground and then I load them in the truck then I am just as guilty of illegal entry as the other guys that actually

went inside. That is the law. It's stated here in these instructions.

And in rebuttal argument he stated:

If you think the law is so foolish that if I go in and I go up to the apartment building and I said, John or Bob or someone, you go break in there and bring the property out and I'll load it in the car then I am not guilty of burglary, that I am not guilty of entering the property just as much as if Bob or Al or whoever it is, no. The top paragraph says the acts of one are the acts of all.

As submitted, Instruction No. 5 required the jury to find that appellant personally entered the building. Appellant argues that the prosecutor's remarks permitted the jury to convict on the theory of accessorial liability and therefore denied him due process.

 Appellant did not object to these remarks at trial nor did he raise this point in his motion for a new trial. Therefore, the point is not properly preserved for appellate review. *State v. Mason,* 588 S.W.2d 731, 737 (Mo.App.1979). Appellant's contention can only be considered under the plain error rule. Rule 30.20. Plain error is to be distinguished from prejudicial error. "[P]lain error includes prejudicial error which so substantially affects the rights of the accused that a 'manifest injustice or miscarriage of justice inexorably results if left uncorrected.'" *State v. Valentine,* 646 S.W.2d 729, 731 (Mo.1983) *quoting State v. Miller,* 604 S.W.2d 702, 706 (Mo.App.1980).

A challenged prosecutorial argument must be considered in the context of instructions given by the trial court, as well as the argument as a whole. *State v. Bailey,* 526 S.W.2d 40, 42 (Mo.App.1975). Immediately before the State's closing argument, the court instructed the jury that they were to be governed in their deliberations by the evidence presented at trial, the reasonable inferences to be drawn therefrom, and the law as given in these instructions.

The prosecutor started his closing argument by referring to the instructions. He stated: "Take these back there [to the jury room] and read them. They contain the law that applies to this [case]." The prosecutor also told the jury they had to assume the law was as stated by the instructions.

 Although the prosecutor's argument was inconsistent with the verdict-directing instruction and therefore improper, it did not constitute plain error. The evidence of guilt in this case was strong. Error which in a close case might call for a reversal may be disregarded as harmless when the evidence of guilt is strong. *State v. Degraffenreid,* 477 S.W.2d 57, 65 (Mo. banc 1972). Appellant's second contention is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.