**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael GOBBLE, Defendant-Appellant.**

**No. 47444.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 17, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

Application to Transfer Denied
Oct. 9, 1984.

Paul T. Graham, Carson, Monaco, Coil, Riley, & McMillin, P.C., Jefferson City, for defendant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GAERTNER, Presiding Judge.

Michael W. Gobble, defendant herein, was convicted after a jury trial of attempted stealing without consent, § 564.011,

RSMo 1978, and sentenced as a prior offender to three years imprisonment in the Missouri Department of Corrections. § 558.011, RSMo 1978. On appeal he briefs five points which essentially raise only three issues: 1) the evidence was insufficient to support his conviction; 2) the trial court erred in refusing to instruct on tampering in the second degree, property damage in the third degree, or trespass in the second degree as lesser included offenses of attempted stealing without consent; and 3) the trial court erred in failing to instruct the jury on the range of punishment. We affirm.

■ In testing the sufficiency of the evidence, facts and appropriate inferences intelligently drawn therefrom must be assessed in a light most favorable to the verdict and all adverse inferences and evidence disregarded. Review is limited to whether a submissible case was presented to the jury. *State v. Doebert*, 659 S.W.2d 280, 281 (Mo.App.1983). When, as here, the State's case is based on circumstantial evidence, the facts and circumstances relied upon to establish guilt must be consistent with each other and with the hypothesis of defendant's guilt. The facts and circumstances must also be inconsistent with and exclude every reasonable hypothesis of defendant's innocence. But the circumstances need not be absolutely conclusive of guilt or demonstrate impossibility of innocence, and the mere existence of other possible hypotheses is not enough to remove the case from the jury. *Id.* at 282. *State v. Timothy Counts*, 671 S.W.2d 818 (Mo. App.1984). *See also State v. Prier*, 634 S.W.2d 197, 199 (Mo. banc 1982). Within this standard of review, we now consider the evidence, and defendant's challenge to its sufficiency.

On a rainy August evening in 1982 at approximately 9:15 p.m., a Montgomery Ward Department Store employee, exiting the store after its closing, saw a car's brake lights flash in the adjacent parking lot of Capitol City Ford, a car and truck dealership in Jefferson City, Missouri. He watched two persons alight from the car,

leaving the doors open on each side, and begin moving back and forth in crouched positions between their car and the area where new trucks were parked. Another Montgomery Ward employee joined the first and also noted furtive actions of the two for a few minutes. One of the employees reentered the Ward's store to call the police while the other remained to watch. After the police had been called, both employees continued to observe the movements of the two figures. As a police car was seen approaching the parking lot, one employee saw both figures get into the car and begin to back up. By then policeman Gilligan had arrived at the scene. He blocked their vehicle with his patrol car. Defendant and his cohort stepped from their vehicle and began to speak to the officer. Some minutes later, another officer arrived from the opposite entrance of Capitol City Ford and, observing the two men in conversation with Officer Gilligan, proceeded to investigate the area and saw a new Ford pickup truck perched on concrete blocks, approximately 25 feet from where defendant and his associate had been stopped in their station wagon. The truck's four wheel assemblies had been stripped. The officer found its tires and wheels stacked near the right fender of the truck and a couple of lug nuts behind the truck in the grass. Inside defendant's station wagon, Officer Gilligan found a hydraulic jack, jack handle and four-way lug wrench. He noticed all the tools were wet, presumably from the rain. Pieces of concrete were also discovered in the car. The defendant and his accomplice were arrested, and the station wagon impounded.

■ Defendant asserts this evidence was insufficient to establish either that defendant intended permanently to deprive or that the fruits of the attempted crime were "property of another." We disagree with defendant's assertion that the evidence was insufficient and too circumstantial for the jury to find him guilty of attempted theft of the tire wheels and assemblies. Defendant was seen and apprehended in the immediate vicinity of the crime. While this

alone will not support a conviction, presence may be considered with other incriminating evidence to determine if the total circumstances raise an inference that the accused participated in the offense. *State v. Mason*, 657 S.W.2d 40, 43 (Mo.App.1983). The circumstances include: two bystanders witnessing the stealthy actions of defendant; the officer's finding inside the defendant's car a hydraulic jack, jack handle, and lug wrench, tools used in removing tires; a new truck resting on concrete blocks stripped of its wheel assemblies and tires. Also, the tools were still wet, suggesting they had been used recently during the rain. Concrete pieces, found by laboratory tests to be similar in comparison to samples taken from the concrete blocks, were also found in defendant's car. The State's evidence further showed that the tires and wheel assemblies were stacked in one central area near the right fender of the truck where, presumably, they would later have been loaded into the station wagon. Such an exercise of dominion and control over the property is sufficient to prove appropriation. *Accord, State v. Rank*, 667 S.W.2d 461, 462 (Mo.App.1984).

Defendant emphasizes evidence of his departure from the scene prior to the arrival of the police. One of the Montgomery Ward store employees testified he saw the police circling the back side of the car dealership's parking lot when defendant's car started to back up and leave, thus creating the inference that defendant, as well as the employee, spotted the police, prompting defendant's hasty, but futile, effort to escape. Buttressing the position that the police merely interrupted the stealing of the wheel assemblies and tires is the close proximity of the items which defendant was attempting to steal to defendant's car when the police apprehended him.

 The second prong of defendant's attack on the sufficiency of the evidence contends a failure by the state to have the owner of the stripped vehicle testify. Ownership, like every other element of the offense of stealing, can be proven by circumstantial evidence. *State v. Pulis*, 579

S.W.2d 395, 399[8–10] (Mo.App.1979). In a "stealing" case the purpose of requiring an averment of ownership in the information is held to be threefold: 1) to show that title of ownership is in some other than the accused since the accused cannot be charged with converting his own property; 2) to furnish notice to the accused of a particular offense which he is confronted with; and 3) to bar subsequent prosecution of the accused for the same offense. *State v. Barber*, 587 S.W.2d 325, 330–31 (Mo.App. 1979). In other words, the purpose of the ownership averment is to identify with particularity the property in question. *Id.*

 The indictment charged defendant with attempting to steal tires and wheel assemblies from a truck owned by Capitol City Ford, Inc. While the owner of Capitol City Ford did not testify, the parts man for the dealership, David Lee Bolton, identified the wheel assemblies as those which would have been installed on the new Ford Ranger truck. He testified the trucks arrived at the dealership fully assembled with wheels, and that the truck was parked in a lot used for new cars and trucks and that no one gave defendant or his friend consent to remove the tires. Defendant was under no false illusion or misapprehension about being charged with stealing wheel assemblies from a truck belonging to another from the lot of Capitol City Ford, *see State v. Hill*, 528 S.W.2d 798, 801 (Mo.App.1975). We find the evidence established that Capitol City Ford had lawful custody and control of the truck from which the wheel assemblies were taken. Lawful custody and control of property, even though actually owned in the formal or strict sense by another, is in the eyes of the law a sufficient attribute of ownership to support an averment and proof of ownership against one charged with stealing property belonging to another. *State v. Pulis*, 579 S.W.2d at 399; *State v. Hill*, 528 S.W.2d at 801. In this prosecution for larceny, we find the proof of possession is sufficient as to ownership to support the conviction. *Accord State v. Pulis*, 579 S.W.2d at 399.

This case is distinguishable from *State v. Greer*, 655 S.W.2d 593 (Mo.App.1983), upon which defendant relies. In *Greer* the conviction was reversed for failure of the State to prove the tractor being driven by the defendant was the same one stolen from a nearby cemetery. Several of these tractors had each been identically marked and painted and sold in the locality. Further, defendant was not found at the scene of the crime nor was the cemetery association clear as to when their tractor had been taken. The inability of the owners to positively identify their property was insufficient to rebut the presumption that the defendant merely possessed similar property and not the tractor owned by the cemetery association. Here, defendant was arrested at the scene of the crime. The tires and wheel assemblies from the Ford Ranger pickup truck were found propped up by the truck in the Capitol City Ford lot. Substantial circumstantial evidence supports the inference that Capitol City Ford had lawful custody of the tire, wheel, and assemblies from the new Ford Ranger pickup truck. Point denied.

■ Three other points defendant raises essentially allege one error in the trial court's failure to give defendant's tendered instructions on tampering in the second degree, property damage in the third degree, and trespass in the second degree. The crux of defendant's argument is that these offenses are lesser included offenses of attempting to steal without consent. Using a "charge or averments" test, defendant contends that the same evidence necessary to support the charge and aver-

ment of the greater offense is exactly the same as the evidence supporting the charge and averments of the lesser offense and that the evidence was sufficient to find defendant innocent of the greater charge and guilty of the lesser offense. We summarily reject defendant's interpretation that *State v. Goddard*, 649 S.W.2d 882 (Mo. banc 1983) expanded the "statutory elements" test to include a "charge or averments" test on non-homicide offenses.

■ Defendant. would have us make the determination of whether an offense is lesser-included depend solely upon the evidence in each case. Rather, attention focuses first upon the elements required by the statutes proscribing the offenses. *State v. Van Doren*, 657 S.W.2d 708, 715 (Mo.App.1983). We recently iterated the "statutory elements" test in *State v. Young*, 661 S.W.2d 637, 640 (Mo.App.1983) as set out in *State v. Amsden*, 299 S.W.2d 498, 504 (Mo.1957):

> If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.

Accordingly, the essential question in this case is whether attempted stealing without consent includes all the statutory elements of tampering in the second degree, property damage in the third degree, or trespass in the second degree. The pertinent language of the applicable statutes, which we have set forth in the margin,[1] clearly dem-

---

1. § 564.011. **Attempt.** 1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

§ 570.030. **Stealing—penalties.** 1. A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion.

§ 569.090. **Tampering in the second degree.** 1. A person commits the crime of tampering in the second degree if he:

(1) Tampers with property of another for the purpose of causing substantial inconvenience to that person or to another.

§ 569.120. **Property damage in the third degree.** 1. A person commits the crime of property damage in the third degree if:

(1) He knowingly damages property of another.

§ 569.150. **Trespass in the second degree.** 1. A person commits the offense of trespass in the second degree if he enters unlawfully upon

onstrate the negative answer to this question.

Stealing or attempted stealing both require a purpose on the part of the offender to deprive the owner of his property permanently, or until payment of compensation, or to make recovery unlikely. § 570.010(8). Tampering requires a purpose of causing substantial inconvenience by, inter alia, depriving the owner of his property temporarily. One who takes a penny from a millionaire has permanently deprived him of his property, but has not substantially inconvenienced him. This difference in the required mental state has been the basis for decisions holding that tampering is not a lesser included offense of stealing. *State v. Rivers*, 663 S.W.2d 255, 256 (Mo.App. 1983); *State v. Smith*, 655 S.W.2d 626, 628 (Mo.App.1983). Since the same mental state is required in both stealing and attempted stealing, it follows that tampering is not a lesser-included offense of attempted stealing.

> 'An instruction on a lesser offense is not proper unless it is impossible to commit the greater without first committing the lesser, for otherwise the lesser is not properly a lesser offense to the greater.... [T]o be a necessarily included offense it is essential that the greater offense include all of the legal and factual elements of the lesser.'

*State v. Smith*, 655 S.W.2d at 628, quoting from *State v. Harris*, 620 S.W.2d 349, 355 (Mo. banc 1981) and *State v. Fleming*, 528 S.W.2d 513, 515 (Mo.App.1975).

█ Since it is possible to attempt to steal property without tampering, as those offenses are statutorily defined, the latter is not included in the former. This conclusion is not affected by the possibility of construing the evidence in such a manner as to show either offense. Defendant was charged with attempted stealing, not tampering, and the court may not instruct on an offense not specifically charged in the indictment or information unless it is a

real property of another. This is an offense of

lesser included offense. *State v. Smith*, 592 S.W.2d 165 (Mo. banc 1979).

Likewise, property damage in the third degree and trespass in the second degree are not lesser included offenses of attempted stealing without consent. Property damage in the third degree requires that one "knowingly damages property of another." § 569.120.1(1). One can take a substantial step toward the appropriation of property without knowingly damaging the property sought to be appropriated.

The only element of trespass in the second degree is entering unlawfully upon real property of another. Attempted stealing without consent can be accomplished without entering unlawfully upon real property of another. Trespass in the second degree is not a lesser-included offense of attempted stealing without consent.

Furthermore, there was no evidence in this case serving as a basis for a verdict acquitting the defendant of the offense charged, attempted stealing, and convicting him of either property damage in the third degree or trespass in the second degree. The evidence merely showed that the tires and wheels had been removed from the pickup truck, not damaged in any manner. In view of this removal and the actions of the defendant and his cohort, his entry upon the property could have been for no other purpose than to attempt to steal. *State v. Pruitt*, 646 S.W.2d 369, 372 (Mo. App.1982). Section 556.046.2 expressly provides that the court shall not be obligated to instruct the jury on lesser included offenses unless there is an evidentiary basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. No such evidentiary basis appears here.

█ Defendant's final point alleges trial court error in giving an instruction omitting the range of punishment. The trial court excluded the range of punishment because the defendant was a prior offender

absolute liability.

and § 557.036, RSMo 1981 requires that, where the defendant is found to be a prior offender, the trial court, not the jury, must assess punishment and the court is prohibited from receiving advisory verdicts. Defendant does not challenge the validity of § 557.036. Instead, he theorizes that, since everyone is presumed to know the statutory law, *State v. Hicks*, 535 S.W.2d 308 (Mo.App.1976), the jury is presumed to know defendant's prior offender status because of the instructional omission. He further extrapolates that this presumption of knowledge by the jury of defendant's prior offender status improperly allowed defendant's other criminal acts to prove his propensity for wrongdoing and to show a high probability that defendant committed the crime charged because of his earlier criminal acts. Novel, but devoid of merit.

It is well-settled that ordinarily the State may not introduce evidence of the accused's other criminal acts to show a probability that he committed the crime charged because he has a criminal background. *State v. Graham*, 641 S.W.2d 102, 105 (Mo. banc 1982). The rule defendant invokes is an evidentiary rule. Here, however, no *evidence* of prior offense was before the jury. The jury, regardless of its presumed knowledge of defendant's prior offenses (a presumption we find specious in the context asserted), determines defendant's guilt or innocence based solely on the evidence and the reasonable inferences drawn therefrom. MAI–CR2d 2.01. The defendant is reduced to arguing that, although the jury was not misinformed, the jury should have been misinformed. *State v. Reid*, 645 S.W.2d 736, 739 (Mo.App.1983). We find no error in refusing to instruct the jury on the range of punishment.

Judgment affirmed.

SMITH and STEPHAN, JJ., concur.