STATE of Missouri, Respondent,

v.

Thomas William POLK, Appellant.

Thomas W. POLK, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 44728, WD 46450.

Missouri Court of Appeals,
Western District.

May 18, 1993.

Robert E. Steele, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Thomas Polk was convicted of manufacture of a controlled substance, section 195.211 RSMo Supp.1992, and sentenced as a prior drug offender to fifteen years imprisonment. He appeals the judgment and sentence, as well as the denial of his motion to vacate the judgment under Supreme Court Rule 29.15. Affirmed.

On October 27, 1990, appellant and another man checked into Room 112 of a motel in Bethany, Missouri. The motel registration card, which gave appellant's name as the person who rented the room, indicated that the men would be staying at the motel for two days. On the afternoon of October 28, Becky Fehring, an employee of the motel, knocked on the door to Room 112 and announced that she was housekeeping. Hearing no response, Becky let herself into the room. She noticed a substance she believed to be marijuana on a counter in the room. Taking a sealed cup from her cart, Becky collected some of the substance to show to the management of the motel.

Later that afternoon, Becky noticed appellant and the other man pull into the motel's parking lot, take some garbage bags out of their car, and enter Room 112. She noted the license number of the car, which had Michigan plates. Later that evening, Becky got a call at the front desk from Room 112. The caller asked for the location of a soda machine. Less than five minutes later, appellant came to the front desk to get change. He told Becky that he was on his way back to Michigan from Las Vegas.

The next day the motel management notified the police, who interviewed Becky and took some of the substance she had obtained from appellant's room. The police obtained a search warrant for Room 112 and the car. Appellant and the other man were in the room when the warrant was executed. Police found several bags of a green leafy substance, a large trash bag containing plant stalks, several rolled cigarettes, and other drug paraphernalia. Appellant was arrested and read his rights.

The green leafy material was tested and proved to be marijuana. Appellant stated to a policeman that he had planned to take the marijuana to Michigan and sell it for $1,000 a pound.

Appellant first argues that the court erred in allowing the introduction at trial of the motel room registration form. He asserts that the state failed to lay a proper foundation for introduction of the form as a business record. Introduction of inadmissible evidence will only mandate reversal if the complaining party is prejudiced by its inclusion at trial. *Iota Management Corp. v. Boulevard Investment Co.,* 731 S.W.2d 399, 411 (Mo.App.1987).

We need not decide whether a proper foundation was laid, since we do not see any way in which appellant was prejudiced by the introduction of the form. Becky Fehring's testimony of what she personally observed was ample evidence that appellant was staying in Room 112. Appellant has never disputed the fact that he was in the room when the warrant was executed. He made incriminating statements to the police after being arrested. The registration form was simply cumulative evidence that appellant was staying in Room 112. *Iota Management,* 731 S.W.2d at 411. Point denied.

Appellant next claims the trial court erred in refusing his instruction on the offense of possession of a controlled substance, section 195.202.2 RSMo Supp.1992. Appellant claims that possession under section 195.202.2 is a lesser included offense of manufacture under section 195.211 RSMo Supp. 1992. If there is a basis for acquitting a defendant of an offense charged and convicting him of the lesser included offense, the court is obligated to charge the jury on the lesser charge. Section 556.046.2 RSMo 1986; *State v. Six,* 805 S.W.2d 159 (Mo. banc), cert. denied, — U.S. —, 112 S.Ct. 206, 116 L.Ed.2d 165 (1991).

Section 556.046.1(1) states that a lesser included offense is one which is "established by proof of the same or less than all the facts required to establish the commission of the offense charged." The reference to facts in the statute does not mean that the emphasis is on the evidentiary facts, but rather attention must be focused on the elements required by the statutes proscribing the offenses. *State v. Gobble,* 675 S.W.2d 944 (Mo.App.1984). "An instruction on a lesser offense is not proper unless it is impossible to commit the greater without first committing the lesser ..." *Gobble,* 675 S.W.2d at 949 (citations omitted).

We hold the court did not err in refusing the instruction. In order to be convicted of manufacture of a controlled substance under section 195.211, the state must only prove that defendant manufactured more than five grams of marijuana. To be convicted of possession of a controlled substance under section 195.202.2, the state must prove defendant possessed more than 35 grams of marijuana. Since it is possible to be convicted under section 195.211 without committing the offense of possession of more than 35 grams of marijuana, possession of a controlled substance under section 195.202.2 is not a lesser included offense of manufacture of a controlled substance under section 195.211. Point denied.

Appellant's final point alleges that the motion court erred in denying his motion for post-conviction relief. Appellant states that his attorney at trial had a conflict of interest which adversely affected his representation of appellant. The attorney also represented the other man in the hotel room at his trial on charges arising from the same incident. The other man, Scott Simmons, was convicted and sentenced to ten years imprisonment.

Appellant made no complaint about the dual representation at trial, and during the post-conviction proceeding could not name anything that happened at his trial to indicate that his attorney had a conflict of interest. His concerns arose from statements that the attorney had made at Simmons's trial. During closing argument at Simmons's trial, the defense attorney stated to the jury, "You have heard testimony that it was Mr. Polk that rented the room. Becky Fehring read from her affidavit that it was Mr. Polk's car that was parked at the motel ... Sheriff Martz said it was Thomas Polk who said that he intended to sell marijuana for $1,000 a pound ... he didn't say anything about Scott Simmons saying anything like that."

In order to prevail on a claim of ineffective assistance of counsel because of a conflict of interest, the appellant must show an actual

conflict of interest that adversely affected his counsel's performance. *Monk v. State*, 701 S.W.2d 198 (Mo.App.1985). The statements made at Simmons's trial, standing alone, do not establish that the attorney's performance at appellant's trial was adversely affected by his representation of Simmons. Point denied.

Judgment and sentence affirmed.

All concur.